■ HYMAN J. SCHWARTZ, Respondent, v LAWRENCE LEONARD, Appellant.—In an action to recover damages, *inter alia,* for conversion, breach of an employment contract and employee disloyalty, the defendant appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered September 6, 1986, which, after a nonjury trial, awarded the plaintiff the sum of $33,374.58 consisting of (1) $27,864.75 in compensatory damages; (2) $5,000 in punitive damages, and (3) $509.83 in costs and disbursements.

Ordered that the judgment is modified by (1) reducing the compensatory damage award from $27,864.75 to $1,896.79, and (2) striking the punitive damage award in its entirety; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

The plaintiff, an attorney admitted to practice in New York for approximately 50 years, employed the defendant (also an attorney) in March 1982 to assist him in his practice of immigration law. They agreed that the defendant would be remunerated weekly in a sum equal to 50% of the fee received on the matters he worked on. During the period of his employment he was in fact paid the sum of $10,968.75.

Some friction developed between the parties, and, as a result, the defendant in June 1982 began to secretly look for office space of his own. He eventually found such space at 305 Broadway and ultimately entered into a lease for that space dated August 1, 1982. On August 27, 1982, while still employed by the plaintiff, the defendant entered the plaintiff's office, after the close of business, and removed the immigra-

tion files that he had been working on. On Monday August 30, 1982, the defendant advised the plaintiff that he had taken the files but that he was still willing to honor the 50-50 fee arrangement. The plaintiff responded, however, by threatening to go to the Grievance Committee unless the files were returned immediately. They were not, and the plaintiff thereafter retained an attorney to institute a proceeding before the Departmental Disciplinary Committee of the Appellate Division, First Department. The defendant filed an answer in that proceeding in which he described his agreement with the plaintiff as a "joint venture" agreement, not an employment agreement. He essentially accused the plaintiff of being incompetent as far as immigration work was concerned, and asserted that he began to look for office space because he overheard the plaintiff tell someone that he wanted to replace him. He also claimed to have taken the files to protect his own and his clients' interests. Thereafter, the Disciplinary Committee determined that the defendant violated the Code of Professional Responsibility by removing the files and directed him to return them. The defendant did so on or about November 22, 1982.

The plaintiff then commenced the instant lawsuit and, after a nonjury trial, the plaintiff was awarded damages in the sum of $33,374.58 consisting of (1) $27,864.75 in compensatory damages ($10,968.75 representing the fees paid to the defendant during his employment and $16,896 in attorney's fees); (2) $5,000 in punitive damages, and (3) $509.83 in costs and disbursements. This appeal ensued.

The fact that the defendant secretly made plans to obtain new office space in the month or two preceding his departure does not constitute disloyalty entitling the plaintiff to recover all the compensation paid to the defendant during his period of employment (see, Feiger v Iral Jewelry, 85 Misc 2d 994, affd 52 AD2d 524, affd 41 NY2d 928). There was insufficient evidence to show that the defendant neglected the files during his period of employment or that he was furthering his own interest at the expense of the plaintiff. While it is true that the defendant did remove the files from the plaintiff's office and did ultimately get an office of his own, this was a single act and not a persistent pattern of disloyalty. Moreover, this act essentially terminated his employment and, as his answer in the disciplinary proceeding shows, it was nothing more than a misguided attempt to protect his own and the interests of those clients upon whose cases he had worked. Thus, the record does not support the award to the plaintiff of

$10,968.75 representing all the commissions paid to the defendant during his employment.

Nor does the record support the award of punitive damages. It is well settled that punitive damages will only be allowed in cases where the wrong complained of is morally culpable or actuated by evil and reprehensible motives (see, *Walker v Sheldon*, 10 NY2d 401; *Garrity v Lyle Stuart, Inc.*, 40 NY2d 354; *Hollender v Trump Vil. Coop.*, 97 AD2d 812). Here the defendant's actions were not actuated by any such motives. The record reveals that his actions were motivated by a concern for his own work product and the interests of the clients upon whose cases he had worked, and while his actions may have been ill advised and even a violation of the Code of Professional Responsibility, they were not of the type that would warrant the award of punitive damages.

It is also well settled that attorney's fees may not be awarded in the absence of a statute expressly authorizing their recovery, or an agreement or stipulation to that effect by the parties (see, *Donn v Sowers*, 103 AD2d 734, *lv denied* 63 NY2d 609). No such statute or agreement applies here and, therefore, the plaintiff is not entitled to recover the attorney's fees incurred in this action.

Finally, although the plaintiff failed to establish his right to the damages awarded, he is entitled to damages in the sum of $1,896.79, representing the defendant's concession at oral argument that said sum was owed. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.