ROBERT F. HENDERSON, Appellant, v REP TECH, INC., Respondent, et al., Counterclaim Defendants.—Judgment unanimously affirmed without costs. Memorandum: Upon our review of the record, we find that the evidence adduced at trial was sufficient to establish that plaintiff was a disloyal employee (see, Feiger v Iral Jewelry, 41 NY2d 928) and that he had exploited trade secrets. Consequently, the remedies of forfeiture, a permanent injunction, and the dismissal of plaintiff's claims were proper. We reject plaintiff's argument that the Referee exceeded the scope of the order of reference when he determined that plaintiff must reimburse defendant employer for all salary, commissions, and expenses the employer paid to plaintiff during the period of disloyalty. The compensation paid an employee during the period of disloyalty is a component of the profit for which an employee must account and is subject to forfeiture (see, Defler Corp. v Kleeman, 19 AD2d 396, affd 19 NY2d 694). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—exploitation of trade secrets.) Present—Callahan, J. P., Doerr, Green, Balio and Davis, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT E. BRIEN, Appellant.—Judgment unanimously reversed on the law and matter remitted to Oswego County Court for further proceedings, in accordance with the following memorandum: The court erred in denying defendant's application to withdraw his guilty plea. The plea was induced by the promise of a specific sentence and, upon the court's refusal to impose the promised sentence, defendant should have been permitted to withdraw the plea (see, People v Frederick, 45 NY2d 520, 524; People v Selikoff, 35 NY2d 227, 240-241, cert denied 419 US 1122; People v Rosenberg, 148 AD2d 346, 347). Accordingly, we vacate the plea and sentence and remit this matter for further proceedings. (Appeal from judgment of Oswego County Court, Auser, J.—burglary, third degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.