■ Bon Temps Agency Ltd., Appellant, v Nancy K. Greenfield et al., Respondents.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered October 11, 1991, which denied the plaintiff's motion for partial summary judgment in the amount of $6,480 and for dismissal of the defendants' first and second counterclaims, unanimously reversed, on the law, partial summary judgment is awarded the plaintiff in the amount of $6,480 and the counterclaims are dismissed, with costs. The Clerk is directed to enter judgment in favor of plaintiff-appellant in the amount of $6,480, and dismissing the counterclaims, with costs.

The plaintiff instituted this action to recover damages for, inter alia, breach of an employee's fiduciary duty and breach of contract. The defendant Nancy Greenfield was employed as a permanent placement manager at the midtown office of the plaintiff Bon Temps Agency Ltd., a permanent placement and temporary help agency, until May 22, 1988, when she was terminated for "misconduct, disloyalty, and contractual violations."

When she was hired, Greenfield signed an "acknowledgment of employee awareness of trade secret laws." The plaintiff alleged, however, that while under its employ, Greenfield placed two Bon Temps employees into other positions without the knowledge or consent of Bon Temps and received commissions from their new employers in the amount of $6,480. The plaintiff further alleged that while under its employ, Greenfield filed a certificate of doing business as NK Greenfield Associates, a company designed to compete with Bon Temps, and billed an employer who hired one of the Bon Temps employees, on her new company's letterhead.

In their answer, the defendants counterclaimed for $15,895 for fees due for placements made while Greenfield was an employee of Bon Temps. In a second counterclaim, the defen-

dants sought damages for tortious interference with contract based on a letter the plaintiff's attorney sent to an agency with which Greenfield was about to enter into contract, advising it of Greenfield's acknowledgment of the plaintiff's trade secrets and warning it against the improper use of such secrets.

The plaintiff moved for partial summary judgment seeking to recover the fees purportedly diverted by Greenfield in the placement of the two Bon Temps employees and for dismissal of the counterclaims. The Supreme Court denied the plaintiff's motion.

We reverse the order of the Supreme Court and grant the plaintiff's motion for partial summary judgment and dismissal of the counterclaims. It is well settled that " '[An employee] is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties. Not only must the employee or agent account to his principal for secret profits but he also forfeits his right to compensation for services rendered by him if he proves disloyal.' *(Lamdin v Broadway Surface Adv. Corp., 272 NY 133, 138; see, also, Western Elec. Co. v Brenner, 41 NY2d 291, 295; Murray v Beard, 102 NY 505.)" (Maritime Fish Prods. v World-Wide Fish Prods., 100 AD2d 81, 88.)* The court, in *Maritime Fish,* went on to note that "[w]hen, as here, the employee engages in a business which, by its nature, competes with the employer's a double breach of duty occurs" since the services for which he has contracted have been turned against him *(supra,* at 88; *see also, Reis & Co. v Volck, 151 App Div 613).*

Contrary to the conclusion reached by the Supreme Court, the record clearly establishes that Ms. Greenfield was a disloyal employee. By placing two of the plaintiff's own employees secretly and collecting a fee, and, by establishing and performing duties under a company in direct competition with the plaintiff while still under the plaintiff's employ, Greenfield acted in a manner inconsistent with her employment with the plaintiff and failed to exercise the utmost good faith and loyalty in the performance of her duties *(Lamdin v Broadway Surface Adv. Corp., supra).* Since a disloyal employee is not entitled to receive compensation, whether commissions or salary *(supra; Feiger v Iral Jewelry, 41 NY2d 928; Maritime Fish Prods. v World-Wide Fish Prods., supra),* the first counterclaim must be dismissed.

It was also error to deny the plaintiff's motion to dismiss the second counterclaim for tortious interference with contrac-

tual relations. The defendants failed to set forth probative evidence of malice, or the use of wrongful means by the plaintiff *(Thur v IPCO Corp.,* 173 AD2d 344, *lv dismissed* 78 NY2d 1007). The sending of the letter by counsel for the plaintiff was not actionable, as it was done in good faith to insist upon what were believed to be the plaintiff's legal rights *(supra; Conversion Equities v Sherwood House Owners Corp.,* 151 AD2d 635).

Accordingly, the plaintiff's motion for partial summary judgment is granted and the counterclaims are dismissed. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ.