■ SOAM CORPORATION, Appellant, v TRANE COMPANY et al., Respondents. [608 NYS2d 177] —Judgment, Supreme Court, New York County (Martin Stecher, J.), entered September 9, 1992, after a nonjury trial, which dismissed the plaintiff's amended complaint, unanimously affirmed, with costs.

Plaintiff, a New York corporation formed in 1975 to represent American companies in connection with the potential

sale of goods and services to the Soviet Union, commenced the underlying action against, *inter alia,* defendant Trane Company ("Trane"), a nationally known manufacturer of heating, ventilating and air-conditioning equipment, seeking to recover commissions plaintiff is alleged to have earned pursuant to a letter agreement from the sale of air-conditioning equipment to be utilized in the Moscow World Trade Center ("the Moscow Center"), located in the Soviet Union.

The trial court, in dismissing the amended complaint for, *inter alia,* breach of contract as against defendant Trane, properly determined that the plaintiff had breached its duty of loyalty to Trane as its agent and had forfeited its commission by representing Trane's competitor, Chrysler Corporation, and promoting Chrysler, rather than Trane, air-conditioning equipment to the mechanical contractor for the Moscow Center project, for use in that project.

On a nonjury trial, the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not have been reached under any fair interpretation of the evidence *(Thoreson v Penthouse Intl.,* 80 NY2d 490, 495). Applying the foregoing standard of review, we find that the trial court's conclusion that plaintiff forfeited its commission should not be disturbed on appeal since that determination is supported by the impartial testimony of Monroe Kolber, an employee of the mechanical contractor, that in late August of 1976 the plaintiff had promoted Chrysler equipment, rather than that of Trane, for use at the Moscow World Trade Center; a contemporaneous document confirming that Kolber had reported the plaintiff's disloyal efforts on behalf of Chrysler; and the plaintiff's admission that it had, in fact, received a commission from the sale of Chrysler air-conditioning equipment while the plaintiff was purporting to represent Trane.

An agent is held to the utmost good faith in his dealings with his principal, and forfeits any right to compensation for his services if he acts adversely to his employer "in any part of the transaction" *(Beatty v Guggenheim Exploration Co.,* 223 NY 294, 304, *mod on other grounds* 225 NY 380), or promotes and sells any product made by the principal's competitor *(Elco Shoe Mfrs. v Sisk,* 260 NY 100, 104).

Plaintiff's contention that forfeiture is an "unconscionable penalty" is negated by New York's strict application of the forfeiture doctrine which mandates the forfeiture of all compensation, whether commissions or salary, where, as here, one who owes a duty of fidelity to a principal is faithless in the

performance of his services *(Feiger v Iral Jewelry,* 41 NY2d 928, 929; *Bon Temps Agency v Greenfield,* 184 AD2d 280, 281, *lv dismissed* 81 NY2d 759).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.