■ GEORGE COLBY et al., Respondents, v JOSEPH CROCITTO, Appellant, et al., Defendants. [616 NYS2d 399] —In an action to recover damages for personal injuries, the defendant Joseph Crocitto appeals from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated December 1, 1992, as granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, insofar as appealed from, with costs.

In a prior criminal action, the defendant Joseph Crocitto pleaded guilty to assault in the third degree *(see,* Penal Law § 120.00 [1]). This judgment of conviction arose out of the same incident as that upon which the present civil action for damages is based. The Supreme Court granted summary judgment on the issue of liability in favor of the plaintiffs on the basis of collateral estoppel. We affirm.

The doctrine of collateral estoppel, in general, precludes the

subsequent relitigation of issues which were necessarily decided in a prior action. Collateral estoppel effect will be given to issues necessarily decided in prior criminal actions, including those which terminate in judgments based on pleas of guilty (see, *Allstate Ins. Co. v Zuk*, 78 NY2d 41; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Sun Ins. Co. v Hercules Sec. Unlimited*, 195 AD2d 24). We have previously held that a person who has been convicted of assault in the third degree, based on the intentional infliction of injury, may not relitigate the question of his potential civil liability for assault and battery (see, *Read v Sacco*, 49 AD2d 471). In accordance with the holding of *Read v Sacco (supra)*, the order appealed from should be affirmed (see also, *Hooks v Middlebrooks*, 99 AD2d 663). Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.