■ Bon Temps Agency, Ltd., Respondent, v Nancy K. Greenfield et al., Appellants. [622 NYS2d 709] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered October 27, 1993, and underlying order of the same court and Justice dated June 21, 1993, granting plaintiff's motion for summary judgment in the amount of $65,766 plus interest, unanimously reversed, on the law, and the motion denied, without costs.

The facts underlying this appeal are laid out in a prior decision, in which this Court held that defendant Greenfield, a placement manager for plaintiff employment agency, had been disloyal to plaintiff by placing two of plaintiff's own employees in other positions and personally receiving commissions for such placements and by establishing and performing duties for a company in competition with plaintiff while still in plaintiff's employ (184 AD2d 280, lv dismissed 81 NY2d 759). Plaintiff has now moved for summary judgment on its claim seeking to recoup all of the commissions paid to defendant Greenfield for work performed during the entire period between July 21, 1987, the date she first received a fee for placing plaintiff's employee, and May 22, 1988, the date she was fired.

Contrary to the IAS Court, we find that questions of fact remain concerning whether defendant Greenfield's placement of plaintiff's employees in other positions during her tenure as plaintiff's placement representative were isolated incidents or part of such a "persistent pattern of disloyalty" *(Schwartz v Leonard,* 138 AD2d 692, 693) so as to warrant forfeiture of all commissions earned by defendant while working in plaintiff's name subsequent to the time she first placed plaintiff's employee.

Nor may forfeiture of commissions earned over this 10 month period be justified solely by defendant Greenfield's establishment of and performance of duties for a rival company, i.e., defendant NK Greenfield Associates ("NK"). While this Court has held that, to the extent defendant Greenfield's performance of such duties while she was still employed by plaintiff constituted direct competition with plaintiff, she was a disloyal employee, questions of fact remain as to when defendant Greenfield began to perform duties for defendant NK. Indeed, the record shows that a certificate of doing business for NK was filed only two months before defendant was fired. Moreover, the mere taking of preliminary steps to enter into a competitive business would not be a breach of fidelity unless or until Greenfield lessened her work on behalf of plaintiff or misused plaintiff's business secrets *(see, Feiger v Iral Jewelry,* 41 NY2d 928). Clearly, by this standard, the establishment of this business in and of itself is not a sufficient basis to conclude that defendant Greenfield was a disloyal employee throughout her tenure as plaintiff appears to contend. Furthermore, questions of fact remain as to at what point during those two months defendant Greenfield's participation in NK's activities became more than preliminary steps and rose to the level of actual competition with plaintiff by which Greenfield's work on behalf of plaintiff was reduced or Greenfield misused plaintiff's business secrets. Concur—Ellerin, J. P., Wallach, Nardelli and Tom, JJ.