■ JEROME L. LUSKIN, Appellant, v EMILY SEOANE et al., Respondents, et al., Defendant. [641 NYS2d 478] —Order insofar as appealed from unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff contends

that the order on appeal should be reversed insofar as it denied his motion for partial summary judgment on liability on the sixth cause of action of the complaint, which seeks damages for breach of fiduciary duty and duty of loyalty owed by defendant as an employee of plaintiff. We agree (*see, Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138; *see also, Feiger v Iral Jewelry*, 41 NY2d 928; *Henderson v Rep Tech*, 162 AD2d 1028). Based upon her criminal conviction of grand larceny in the second degree, Emily Seoane (defendant) is collaterally estopped from relitigating the issue of her liability (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455). Under the circumstances of this case, we conclude that defendant's criminal conviction is conclusive proof of the allegations in the sixth cause of action (*see generally, Kramer v Griffin*, 156 AD2d 973). Therefore, all compensation and expenses that plaintiff paid to defendant during the periods of her criminal activity, disloyalty and breach of fiduciary duty are "component[s] of the profit for which [she] must account and [are] subject to forfeiture" (*Henderson v Rep Tech, supra*, at 1028). (Appeal from Order of Supreme Court, Nassau County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.