■ ROYAL CARBO CORPORATION, Respondent, v FLAMEGUARD, INC., Also Known as FLAMEGUARD FIRE EXTINGUISHER, INC., et al., Appellants. [645 NYS2d 18] —In an action, *inter alia,* to recover damages for wrongful diversion of business and breach of fiduciary duty, the defendants appeal from a judgment of the Supreme Court, Kings County (DeMatteo, J.H.O.), entered May 10, 1995, which is in favor of the plaintiff and against the appellants.

Ordered that the judgment is affirmed, with costs.

It is well settled that one who owes a duty of fidelity to a principal and who is faithless in the performance of his or her services is generally not entitled to recover compensation, whether commissions or salary (*Feiger v Iral Jewelry,* 41 NY2d 928, 929; *see also, Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133; *Soam Corp. v Trane Co.,* 202 AD2d 162; *Bon Temps Agency v Greenfield,* 184 AD2d 280, 281; *Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81). On this record it is apparent that the appellants Laurie McDonnell, Angel Ayala, and Anthony Lupo, Jr., failed to show the loyalty expected of trusted employees. While they were still in the plaintiff's employ, they surreptitiously organized a competing organization, and, utilizing the plaintiff's lists containing information regarding their customers' reservicing dates, and the prices offered to individual customers, secretly undersold their services to the plaintiff's customers. Accordingly, the Supreme Court properly determined that McDonnell, Ayala, and Lupo forfeited their right to compensation for services rendered from July 1, 1991, until their termination on December 6, 1991 (*see, Feiger v Iral Jewelry, supra; Bon Temps Agency v Greenfield, supra,* at 281; *Maritime Fish Prods. v World Wide Fish Prods., supra,* at 91).

Furthermore, while the plaintiff's act of terminating McDonnell, Ayala, and Lupo's employment on December 6, 1991, freed them to solicit Royal Carbo's clients, they were not free to use Royal Carbo's trade secrets in order to gain an unfair business advantage (*see, Garvin GuyButler Corp. v Cowen & Co.,* 155 Misc 2d 39). Accordingly, the court properly determined that the plaintiff was entitled to recover "the amount of loss sustained by it, including opportunities for profit on the accounts diverted from it through defendants' conduct" (*Jones Co. v Burke,* 306 NY 172, 192; *see also, Allan Dampf, P. C. v Bloom,* 127 AD2d 719; *McRoberts Protective Agency v Lansdell Protective Agency,* 61 AD2d 652). The court's limitation of recovery to three servicing opportunities was reasonable.

The defendants' remaining contentions are meritless. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.