■ U.S. REINSURANCE CORPORATION, Appellant-Respondent, v LOIC R. HUMPHREYS, Respondent-Appellant. [667 NYS2d 2] —Order, Supreme Court, New York County (David Saxe, J.), entered October 2, 1996, which, insofar as appealed from, granted defendant's cross motion insofar as it sought leave to amend his answer to assert counterclaims for tortious interference with contract and prima facie tort, and denied it insofar as it sought summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant leave to interpose both proposed counterclaims, and otherwise affirmed, without costs.

The April 6, 1996 letter sent by plaintiff's counsel to defendant's new employer, informing the latter of the lawsuit between plaintiff and defendant and advising it that plaintiff would hold it responsible for any damages caused by the disclosure or use of plaintiff's alleged proprietary product information, was insufficient to sustain the proposed counterclaim for tortious interference (*see, Bon Temps Agency v Greenfeld*, 184 AD2d 280, 282, *lv dismissed* 81 NY2d 759; *Thur v IPCO Corp.*, 173 AD2d 344, 345, *lv dismissed* 78 NY2d 1007).

The proposed counterclaim for prima facie tort should also be rejected. The court had previously rejected the factual basis for the traditional tort claims, and an allegation of prima facie tort may not be invoked as a basis to sustain a pleading that otherwise fails to state a cause of action in traditional tort. Furthermore this is not a case in which prima facie tort is an appropriate alternative (*see, Freihofer v Hearst Corp.*, 65 NY2d 135, 143).

Defendant's motion for summary judgment dismissing the complaint was properly denied because there are issues of fact relevant to whether the information plaintiff seeks to enjoin defendant from disclosing constitutes trade secrets, and because of the refusal of defendant and his supervisor at his

former employer to discuss the nature of the latter's products on which defendant had worked (see, CPLR 3212 [f]). Concur— Sullivan, J. P., Rosenberger, Rubin and Andrias, JJ.