■ GOLDIE ROSENBERG et al., Plaintiffs, v BETH ISRAEL MEDICAL CENTER, Defendant and Third-Party Plaintiff-Respondent. MARRIOTT CORPORATION, Third-Party Defendant-Appellant. [669 NYS2d 40] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 4, 1996, after a nonjury trial, which granted third-party plaintiff Beth Israel Medical Center complete indemnification in the amount of $100,000 against third-party defendant Marriott Corporation, unanimously affirmed, with costs.

Since the trial court's resolution of the factual issues herein was supported by the credible evidence and permissible inferences, the determination should not be disturbed (*see, Soam Corp. v Trane Co.*, 202 AD2d 162, *lv denied* 83 NY2d 758). The contract provisions and testimony of both parties' witnesses established that the supervised housekeeping employees were in Marriott's special employ, inasmuch as Marriott controlled and directed "the manner, details and ultimate result of the employee's work" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558). The trial court also properly found that the executed written contract had been modified by the parties' conduct to include ice and snow removal as part of Marriott's housekeeping responsibilities (*see, Beacon Term. Corp. v Chemprene, Inc.*, 75 AD2d 350, 354, *lv denied* 51 NY2d 706). The trial court thus properly concluded that Marriott was responsible under the indemnification clause for the negligent acts and omissions of Marriott's special employees.

Since the pleadings gave "notice of the transactions relied on and the material elements of the cause of action" (*Jerry v Borden Co.*, 45 AD2d 344, 347), pleading with particularity of special employee status of the workers was not required. In any event, given that all aspects of this issue were vigorously litigated, there was no prejudice to Marriott and the court could have conformed the pleadings to the proof, if necessary (*see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23).

We have considered appellant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Rubin, Williams and Tom, JJ.