(August 30, 1999)

■ AMERICAN MAP CORPORATION, Appellant, v WILLIAM A. STONE, Respondent. [694 NYS2d 704] —In an action to recover damages for breach of fiduciary duty and conversion and for injunctive relief, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated June 29, 1998, as denied its motion for partial summary judgment on the issue of liability on its cause of action alleging breach of fiduciary duty except to award it summary judgment against the defendant for "all salary, commission, and expenses paid to [the defendant] during the period September 26, 1996, through October 16, 1996", and (2) from an order of the same court, dated January 14, 1999, which denied its motion for reargument.

Ordered that the appeal from the order dated January 14, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 29, 1998, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability on so much of its cause of action alleging breach of fiduciary duty based on sales of its products by the defendant to fictional buyers and for an accounting of the defendant's profits for those sales, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

It is well settled that " '[an employee] is prohibited from acting in any manner inconsistent with his agency or trust and is

at all times bound to exercise the utmost good faith and loyalty in the performance of his duties. Not only must the employee or agent account to his principal for secret profits but he also forfeits his right to compensation for services rendered by him if he proves disloyal' " (*Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81, 88, quoting *Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133, 138).

The Supreme Court erred in denying that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability on so much of its cause of action alleging breach of fiduciary duty based on the defendant's sales of the plaintiff's products to fictional buyers. The defendant's admissions that by the use of fictitious buyers he was able to retain for his own account a share of the proceeds due his employer conclusively establish a breach of the fiduciary duty owed to his employer.

Accordingly, the matter must be remitted to the Supreme Court, Queens County, for an accounting by the defendant of his profits from these sales and to ascertain the damages resulting from his breach of fiduciary duty.

The plaintiff's remaining contention is without merit (*see, Alexander & Alexander v Fritzen,* 147 AD2d 241). Altman, J. P., Friedmann, McGinity and Schmidt, JJ., concur.