■ MAC TRUONG, Appellant, v CHARLES SCHWAB & CO., INC., Sued Herein as CHARLES SCHWAB, Defendant and Third-Party Plaintiff. TRAN DINH TRUONG et al., Third-Party Defendants-Respondents. [735 NYS2d 15] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about April 3, 2000, which, *inter alia*, granted the motion of third-party inter-

pleaded defendants-respondents for summary judgment on their cross claims for conversion, breach of contract, breach of fiduciary duty, for an accounting and for a declaration that Vishipco Lines and Dai Nam Hang Hai Congty Vishipco Line of Vietnam are the lawful owners of the interpleaded funds, and dismissing all cross claims against them, unanimously affirmed, with costs.

The motion court correctly found that the third-party interpleaded defendants had established that there was no question of fact that plaintiff, who had been retained by them to act as their fiduciary, transferred part of the interpleaded funds from accounts in their names into accounts in his own name, and, while still purporting to act as their fiduciary, later attempted to transfer the remainder of those funds in which he had no ownership interest. Plaintiff's contention that the purpose of the subject transfer and attempted transfer was simply to protect the funds from possible claims by the Vietnamese government, was conclusively belied by the inaccurate information he contemporaneously supplied to the third-party interpleaded defendants-respondents, including false information as to the balances of the accounts involved.

Since, in view of the foregoing, it is clear as a matter of law that plaintiff breached his fiduciary obligations to his principals, the third-party interpleaded defendants, the motion court properly found that plaintiff was not entitled to any portion of the disputed funds as a commission (*see, Bon Temps Agency v Greenfield*, 184 AD2d 280, *lv dismissed* 81 NY2d 759).

Finally, we reject plaintiff's argument at this time that the claim of the Vietnamese government and Vitranschart, Inc., nonparties to this litigation, to ownership of third-party interpleaded defendant Vishipco Lines and all of its assets, has relevance to this appeal, which solely involves plaintiff's contention that his claim to the disputed funds is superior to that of the third-party interpleaded defendants. Concur—Wallach, J. P., Lerner, Rubin, Buckley and Friedman, JJ.