■ In the Matter of MICHAEL V. BLUMENTHAL et al., Respondents. DANIEL KINGSFORD, Appellant. [822 NYS2d 27]—

Decree, Surrogate's Court, New York County (Eve Preminger,

S.), entered on or about June 16, 2005, which awarded petition-ers the principal sum of $1,904,604.37, unanimously affirmed, without costs. Appeals from orders, same court and Surrogate, entered March 31 and June 6, 2005, which confirmed reports by the Judicial Hearing Officer, unanimously dismissed, without costs.

Respondent Kingsford is a former executor who was also employed to handle the estate's real estate business pursuant to an employment agreement authorized by the decedent's will. Shortly after the decedent's demise, this respondent made sys-tematic, unauthorized transfers to himself, his wife and entities with which his wife was affiliated, claiming he was entitled to such monies as disposition incentive payments under the terms of the will or the employment agreement. Several other pay-ments to him were similarly unsubstantiated. The Judicial Hearing Officer found that respondent, as a faithless servant, forfeited all salary and other compensation after his first faith-less act (see *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81 [1984], *appeal dismissed* 63 NY2d 675 [1984]), including compensation received from Wise Acre, which functioned as an in-house real estate broker (see *Phansalkar v Andersen Weinroth & Co., L.P.*, 344 F3d 184 [2d Cir 2003]). In light of respondent's repeated disloyalty throughout his tenure, there is no merit to his assertion that there should have been an apportionment of his salary or of Wise Acre commissions as to which disloyalty was not found. There is also no merit to his argument that disgorgement of compensation received by a faithless employee should be disallowed as tantamount to the imposition of punitive damages (see *Soam Corp. v Trane Co.*, 202 AD2d 162 [1994], *lv denied* 83 NY2d 758 [1994]). Finally, we decline the invitation to abolish the faithless servant doc-trine, which has long been the law of this state. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.