■ WILLIAM FLOYD UNION FREE SCHOOL DISTRICT, Respondent-Appellant, v JAMES A. WRIGHT, Respondent, and DANIEL C. CIFONELLI, Appellant-Respondent. [877 NYS2d 395]—

In an action to recover damages for breach of fiduciary duty and for a judgment declaring that the plaintiff is permanently relieved of its obligation to provide postretirement insurance benefits to the defendants, the defendant Daniel C. Cifonelli appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), entered November 14, 2007, as granted that branch of the plaintiff's motion which was for summary judgment on its cause of action alleging breach of fiduciary duty insofar as asserted against him, declared that the plaintiff was relieved of its obligation to pay his insurance benefits for a period of 10 years, and denied his cross motion pursuant to CPLR 3211 to dismiss the complaint, and the plaintiff cross-appeals from so much of the same order as limited the defendants' forfeiture of insurance benefits to a period of only 10 years.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof declaring that the plaintiff is relieved of its obligation to provide the defendants' insurance benefits for a period of 10 years and substituting therefor a provision declaring that the plaintiff is permanently relieved of its obligation to provide the defendants' insurance benefits; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.

The defendant James A. Wright is the former treasurer of the plaintiff William Floyd Union Free School District. In January 2006 Wright pleaded guilty to one count of grand larceny in the second degree and seven counts of offering a false instrument in the fifth degree. His plea included his acknowledgment that he stole money from the plaintiff while in the plaintiff's employ between April 4, 2000, and January 24, 2003.

The defendant Daniel C. Cifonelli is the plaintiff's former assistant superintendent for business. In January 2006 Cifonelli pleaded guilty to four counts of grand larceny in the second degree, one count of grand larceny in the third degree, and two counts of money laundering. Cifonelli's plea allocution in con-

nection with his theft of retirement benefits from the New York State Teachers' Retirement System included an acknowledgment that although he purportedly retired as assistant superintendent for business, effective August 31, 1998, he remained employed by the plaintiff in the same capacity from September 1998 through June 2004 "under the guise" of a company called DCC Consulting, Inc. Cifonelli also testified that he remained employed by the plaintiff when he embezzled money from it between 1999 and 2001.

The plaintiff filed a complaint seeking recovery of all stolen funds, as well as any compensation it paid the defendants following their initial breaches of fiduciary duty. It also sought a declaratory judgment relieving it of its obligation to pay the defendants' health, life, and dental insurance premiums, benefits the plaintiff had previously agreed to pay upon the defendants' retirement pursuant to the terms of the defendants' employment contracts. After the plaintiff filed a motion for summary judgment, Cifonelli cross-moved pursuant to CPLR 3211 to dismiss the complaint on several grounds.

The Supreme Court determined that the defendants were collaterally estopped from litigating the issue of their liability with respect to the plaintiff's breach of fiduciary duty cause of action, and granted summary judgment to the plaintiff. It also relieved the plaintiff of its obligation to pay the defendants' insurance premiums for 10 years, and denied Cifonelli's cross motion.

On appeal, Cifonelli contends that the doctrine of collateral estoppel does not apply to the issue of whether his 1993 employment contract with the plaintiff, which included a provision that "the terms and conditions of employment stated herein shall remain in full force and effect for as long as [Cifonelli] remains employed by the [plaintiff]," was still in effect when he committed his larcenous acts. This contention is without merit. In connection with his plea of guilty, Cifonelli testified under oath that he remained in the plaintiff's employ until 2004 following his sham retirement in August 1998. "Collateral estoppel effect will be given to issues necessarily decided in prior criminal actions, including those which terminate in judgments based on pleas of guilty" (*Colby v Crocitto,* 207 AD2d 764, 765 [1994]). The issue of Cifonelli's employment status was material to and decided in the prior criminal action, and is critical to the instant action. Moreover, there is no evidence that Cifonelli was denied a full and fair opportunity to contest this point. Accordingly, Cifonelli is collaterally estopped from disputing his employment status between 1998 and 2004 (*see S.T. Grand, Inc.*

*v City of New York,* 32 NY2d 300, 304 [1973]; *Colby v Crocitto,* 207 AD2d at 765).

Moreover, the Supreme Court properly determined that the defendants' pleas of guilty to grand larceny in the second degree and other crimes established the plaintiff's entitlement to judgment as a matter of law on its breach of fiduciary duty cause of action (*see American Map Corp. v Stone,* 264 AD2d 492, 492-493 [1999]; *Luskin v Seoane,* 226 AD2d 1144 [1996]).

The Supreme Court erred, however, in limiting the defendants' forfeiture of insurance benefits to a period of 10 years. Where, as here, defendants engaged in repeated acts of disloyalty, complete and permanent forfeiture of compensation, deferred or otherwise, is warranted under the faithless servant doctrine (*see Feiger v Iral Jewelry,* 41 NY2d 928 [1977]; *Matter of Blumenthal [Kingsford],* 32 AD3d 767, 768 [2006]; *American Map Corp. v Stone,* 264 AD2d at 492-493; *Soam Corp. v Trane Co.,* 202 AD2d 162, 163-164 [1994]).

The defendants' remaining contentions are without merit. Skelos, J.P., Santucci, Dickerson and Eng, JJ., concur. [*See* 2007 NY Slip Op 34248(U).]