■ CREDIGY RECEIVABLES, INC., Respondent, v BAIJNATH AGIWAL, Appellant. [886 NYS2d 834]—In an action to recover damages for breach of contract and on an account stated, the defendant appeals from (1) an order of the Supreme Court, Queens County

(Kitzes, J.), dated February 7, 2008, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction, (2) a judgment of the same court dated February 20, 2008, which, upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against him in the principal sum of $55,682.32, (3) an order of the same court dated May 9, 2008, which denied his motion to stay enforcement of the judgment, (4) an order of the same court dated May 28, 2008, which denied his motion, denominated as one for leave to renew and reargue, but which, in actuality, was for leave to reargue his opposition to the plaintiff's motion for summary judgment, (5) an order of the same court dated July 17, 2008, which, inter alia, denied his motion for leave to amend his answer, and (6) an order of the same court dated September 8, 2008, which denied his motion for recusal of the trial justice.

Ordered that the appeal from the order dated February 7, 2008, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated May 28, 2008, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders dated May 9, 2008, July 17, 2008, and September 8, 2008, and the judgment dated February 20, 2008, are affirmed, without costs or disbursements.

The appeal from the intermediate order dated February 7, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant's motion to dismiss the complaint based on lack of personal jurisdiction was properly denied on the ground that the objection of improper service of the summons and complaint was waived by the defendant's failure to move to dismiss on that ground within 60 days of service of the answer (see CPLR 3211 [e]).

In its motion for summary judgment, the plaintiff established its entitlement to judgment as a matter of law against the defendant in the principal sum of $55,682.32, and the defendant failed to raise a triable issue of fact in response thereto (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

The defendant's remaining contentions are without merit. Dillon, J.P., Eng, Belen and Hall, JJ., concur.