■ James Montrose Sansum, Respondent-Appellant, v Helen Constantino Fioratti et al., Appellants-Respondents. [8 NYS3d 311]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 16, 2013, which denied defendants' motion to strike plaintiff's pleading, unanimously modified, on the law, to order plaintiff to provide substantive responses to defendants' fourth set of interrogatories, and otherwise affirmed, without costs. Order, same court and Justice, entered January 16, 2014, which granted in part and denied in part the parties' competing motions for partial summary judgment, unanimously modified, on the law, to dismiss the sixth cause of action for common-law dissolution; to grant defendants' summary judgment as to liability on their fifth counterclaim under the faithless servant doctrine; to reinstate defendants' other affirmative defenses and counterclaims; and otherwise affirmed, without costs.

Contrary to the motion court's finding, plaintiff's guilty plea

and his deposition testimony conclusively establish that he had embezzled not less than $100,000 from his employer over two years. As such, defendants were entitled to summary judgment as to liability on their fifth counterclaim, under the faithless servant doctrine (*see Feiger v Iral Jewelry*, 41 NY2d 928 [1977]). Plaintiff's claims for breach of fiduciary duty and good faith and fair dealing were properly dismissed as derivative, as they turn on allegations of the individual defendants' looting and mismanagement of the defendant corporation (*see Yudell v Gilbert*, 99 AD3d 108, 114 [1st Dept 2012]). Plaintiff's sixth cause of action for common-law corporate dissolution, should have been dismissed under the doctrine of unclean hands, as plaintiff's embezzlement demonstrated that he could not seek equitable relief (*see Blue Wolf Capital Fund II, L.P. v American Stevedoring, Inc.*, 105 AD3d 178, 184 [1st Dept 2013]). We are not persuaded by plaintiff's argument that defendants used unlawful means to acquire the money and property he admittedly embezzled from them. Under the doctrine of in pari delicto, "no court should be required to serve as paymaster of the wages of crime" (*McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 469 [1960] [citation omitted]).

Contrary to defendants' assertion, it was not necessary for the court to draw an adverse inference based on plaintiff's invocation of the Fifth Amendment at this point in the proceeding (*see Rodriguez v Galin*, 13 AD3d 188 [1st Dept 2004]). Defendants did not provide sufficient material in the record to justify striking plaintiff's deposition testimony. Finally, the motion court did not err in refusing to strike the pleadings based on plaintiff's failure to provide substantive answers to the fourth set of interrogatories, because plaintiff required his depositions transcripts to answer the questions. However, now that plaintiff has the transcripts, he must respond to the fourth set of interrogatories. Concur—Tom, J.P., Andrias, Saxe and DeGrasse, JJ.