*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 2, 2016                    521865
_____

CITY OF BINGHAMTON,

                    Appellant,

          v                                    OPINION AND ORDER

JOHN C. WHALEN,

                    Respondent.
_____

Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

                    _____


        Bond, Schoeneck & King, PLLC, Garden City (Howard M. Miller
of counsel) and Kenneth J. Frank, Corporation Counsel,
Binghamton, for appellant.

        Richard J. Grace, Binghamton, for respondent.

                    _____


Peters, P.J.

        Appeal from that part of an order of the Supreme Court
(Burns, J.), entered June 29, 2015 in Broome County, which
partially denied plaintiff's motion for summary judgment.

        Defendant was formerly employed by plaintiff as the
Director of Parks and Recreation and, in that capacity, was
entrusted with the collection of various fees and funds on
plaintiff's behalf.  In April 2014, defendant pleaded guilty to
grand larceny in the third degree, admitting that he stole more
than $50,000 from plaintiff between January 2007 and November
2012.  Plaintiff thereafter commenced this action sounding in
breach of fiduciary duty seeking to recover all compensation paid
to defendant during the period of the theft and a declaration
that it is under no continuing obligation to furnish him with

health insurance earned through his employment.  Following joinder of issue, plaintiff moved for summary judgment in its favor.  Supreme Court granted plaintiff summary judgment on the issue of liability, but concluded that triable issues of fact remained as to plaintiff's entitlement to damages under the faithless servant doctrine.  This appeal by plaintiff ensued.

New York law with respect to the disloyal or faithless performance of employment duties has developed for well over a century.  Firmly rooted in this state's jurisprudence is the principle that "an employee is to be loyal to his [or her] employer and is 'prohibited from acting in any manner inconsistent with his [or her] agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his [or her] duties'" (Western Elec. Co. v Brenner, 41 NY2d 291, 295 [1977], quoting Lamdin v Broadway Surface Adv. Corp., 272 NY 133, 138 [1936]; see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 416 [2001]; Duane Jones Co. v Burke, 306 NY 172, 188 [1954]; Murray v Beard, 102 NY 505, 508-509 [1886]).  Under what is commonly referred to as the faithless servant doctrine, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [or her] compensation, whether commissions or salary" (Feiger v Iral Jewelry, 41 NY2d 928, 928 [1977]; see Murray v Beard, 102 NY at 508-509; Matter of Blumenthal [Kingsford], 32 AD3d 767, 768 [2006], lv denied 7 NY3d 718 [2006]; American Map Corp. v Stone, 264 AD2d 492, 492-493 [1999]).  Thus, where an employee "engage[s] in repeated acts of disloyalty, complete and permanent forfeiture of compensation, deferred or otherwise, is warranted" (William Floyd Union Free School Dist. v Wright, 61 AD3d 856, 859 [2009]; see Royal Carbo Corp. v Flameguard, Inc., 229 AD2d 430, 430 [1996]; Bon Temps Agency v Greenfield, 212 AD2d 427, 428 [1995]).

There is no dispute that defendant's admission to stealing more than $50,000 from plaintiff over the course of a nearly six-year period constitutes conclusive proof of such facts and established plaintiff's entitlement to judgment as a matter of law on the issue of liability (see Sansum v Fioratti, 128 AD3d 420, 420-421 [2015]; William Floyd Union Free School Dist. v

Wright, 61 AD3d at 859; American Map Corp. v Stone, 264 AD2d at 493; Luskin v Seoane, 226 AD2d 1144, 1145 [1996]). Supreme Court reasoned, however, that despite his over half decade of thievery, defendant's otherwise "unblemished" 35 years of service to plaintiff raised issues of fact as to whether forfeiture of compensation was warranted under the faithless servant doctrine. This was error.

The Court of Appeals has made clear that forfeiture of compensation is required even when some or all of "the services were beneficial to the principal or [when] the principal suffered no provable damage as a result of the breach of fidelity by the agent" (Feiger v Iral Jewelry, Ltd., 41 NY2d at 928-929; accord Phansalkar v Andersen Weinroth & Co., L.P., 344 F3d 184, 200 [2d Cir 2003]).

> "This is because the function of [a breach of fiduciary duty] action, unlike an ordinary tort or contract case, is not merely to compensate the plaintiff for wrongs committed by the defendant but . . . to prevent them, by removing from agents and trustees all inducement to attempt dealing for their own benefit in matters which they have undertaken for others, or to which their agency or trust relates" (Diamond v Oreamuno, 24 NY2d 494, 498 [1969] [internal quotation marks, citations and emphasis omitted]).

In light of defendant's "persistent pattern of disloyalty" over the six-year period at issue (Schwartz v Leonard, 138 AD2d 692, 693 [1988]; accord Bon Temps Agency v Greenfield, 212 AD2d at 428), his purported exemplary performance of his duties when he was not stealing from plaintiff does not insulate him from the application of the faithless servant doctrine (see William Floyd Union Free School Dist. v Wright, 61 AD3d at 859; Matter of Blumenthal [Kingsford], 32 AD3d at 768).

Nor is there any basis for apportioning forfeiture of compensation to the specific tasks as to which defendant was

disloyal.  To be sure, such a limitation has been recognized by the Second Department (see G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 103-104 [2007], affd 10 NY3d 941 [2008]), as well as federal courts that have considered the issue (see Phansalkar v Andersen Weinroth & Co., L.P., 344 F3d at 205; Musico v Champion Credit Corp., 764 F2d 102, 113-114 [2d Cir 1985]).  However, apportioning the amount of compensation to be forfeited under the faithless servant doctrine has been limited to circumstances where, unlike here, the employee or agent is compensated on a task-by-task basis (see Phansalkar v Andersen Weinroth & Co., L.P., 344 F3d at 205; Musico v Champion Credit Corp., 764 F2d at 114; G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d at 103-104; Consolidated Edison Co. v Zebler, 40 Misc 3d 1230[A], 2013 NY Slip Op 51354[U] [Sup Ct, NY County 2013]).  As the Second Department has observed:

> "This view is consistent with the position taken by the Restatement, which addresses the issue directly. The Restatement provides that '[a]n agent is entitled to no compensation for conduct which is disobedient or which is a breach of his [or her] duty of loyalty' (Restatement [Second] of Agency § 469).  Nevertheless, the principal is obligated to pay to the agent, despite the breach, 'the agreed compensation for services properly rendered for which the compensation is apportioned in the contract, whether or not the agent's breach is willful and deliberate' (Restatement [Second] of Agency § 456). Under the Restatement view, therefore, 'the agent is entitled to retain compensation only for properly performed tasks for which compensation is specifically apportioned by contract'" (G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d at 103-104 [citation omitted]).

Task-by-task forfeiture for salaried employees, like plaintiff, would not only run afoul of "New York's strict application of the

forfeiture doctrine" (Soam Corp. v Trane Co., 202 AD2d 162, 163 [1994], lv denied 83 NY2d 758 [1994]), but would also have the ill effect of "embroiling courts in deciding how much general compensation should be forfeited, where the general compensation was awarded while the agent was acting disloyally in some, but not all, of his [or her] work" (Phansalkar v Andersen Weinroth & Co., L.P., 344 F3d at 207). For these reasons, we decline to relax the faithless servant doctrine so as to limit plaintiff's forfeiture of all compensation earned by defendant during the period in which he was disloyal.

Finally, as for the precise amount of damages, plaintiff submitted documentary evidence establishing that it paid defendant $316,535.54 in compensation between January 2007 and November 2012, and defendant failed to submit any competent proof to dispute that figure (see generally Credigy Receivables, Inc. v Agiwal, 66 AD3d 949, 950 [2009]; Ahlstrom Mach. v Associated Airfreight, 251 AD2d 852, 854 [1998]; Gottesman & Co. v International Tel. & Tel. Corp., 102 AD2d 407, 411 [1984]). Accordingly, plaintiff is entitled to summary judgment on the issue of damages and a declaration that it is relieved of its obligation to provide defendant with health insurance benefits earned through his employment.

Lahtinen, Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiff's motion for summary judgment; motion granted in its entirety, plaintiff is awarded damages in the amount of $316,535.54 and it is declared that plaintiff is relieved of its obligation to provide defendant with health insurance benefits earned through his employment; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court