Bankers Conseco Life Ins. Co. v Egan-Jones Ratings Co. (2021 NY Slip Op 02354)





Bankers Conseco Life Ins. Co. v Egan-Jones Ratings Co.


2021 NY Slip Op 02354


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Kapnick, J.P., Webber, Mazzarelli, Oing, JJ. 


Index No. 654289/19 Appeal No. 13186-13186A Case No. 2020-02393 

[*1]Bankers Conseco Life Insurance Company, et al., Plaintiffs-Appellants,
v
Egan-Jones Ratings Company, Defendant-Respondent. 


Sills Cummis & Gross P.C, New York (Richard H. Epstein of counsel), for appellants.
London Fischer LLP, New York (Thomas A. Leghorn of counsel), for respondent.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 21, 2020, April 22, 2020, and May 13, 2020, which, insofar as appealed from as limited by the briefs, granted defendant Egan-Jones Ratings Company's motion to dismiss the first cause of action for aiding and abetting fraud in the initial complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the order vacated as moot, the amended complaint instituted as the operative pleading, and defendants' motion to dismiss the amended complaint denied.
Following oral argument on defendant's motion to dismiss the original complaint but prior to a decision on that motion, plaintiffs filed, as of right, a proposed amended complaint, which asserted a single cause of action for aiding and abetting fraud and added new factual allegations in support of that claim. Rather than finding that the original complaint had been superseded and defendant's motion to dismiss was moot, the court, as requested by defendant, directed the parties to submit supplemental briefs addressing the amended complaint. The court then issued orders granting defendant's motion to dismiss the original complaint, without reference to the amended complaint or the supplemental briefs.
In the circumstances here, where the record on appeal of the final order permits consideration of a purely legal issue that has been fully briefed by the parties, in the interest of judicial economy, we exercise our discretion to institute the amended complaint as the operative pleading, and consider defendant's motion to dismiss the amended complaint asserting the single claim for aiding and abetting fraud (see Varo, Inc. v Alvis PLC, 261 AD2d 262, 267 [1st Dept 1999], lv denied 95 NY2d 767 [2000]; see also S & J Serv. Ctr., Inc. v Commerce Commercial Group, Inc., 178 AD3d 977 [2d Dept 2019]).
We find that the amended complaint adequately pleads the elements of aiding and abetting fraud by sufficiently alleging the existence of an underlying fraud, actual knowledge, and substantial assistance (see William Doyle, Galleries, Inc. v Stettner, 167 AD3d 501, 503 [1st Dept 2018]).
To the extent defendant raises any issue with the pleading of the underlying fraud, we find that the amended complaint adequately pleads the fraud by alleging, among other things, that nonparty hedge funds, Platinum and Beechwood, fraudulently violated the trust investment restrictions by stuffing the trusts with noninvestment grade assets (some that were controlled by Platinum), misrepresented the quality, value, and risk of the investments, and used trust funds to invest in other entities controlled or owned by Platinum and to prop up Platinum's Ponzi scheme (see In re Platinum-Beechwood Litig., 427 F Supp 3d 395 [SD NY 2019]).
The amended complaint adequately alleges defendant's actual knowledge of the fraud based on allegations of conduct and surrounding circumstances from which its knowledge of the fraud may [*2]be inferred, which is all that is required at this prediscovery stage (see DDJ Mgt., LLC v Rhone Group L.L.C., 78 AD3d 442, 443 [1st Dept 2010]; Oster v Kirschner, 77 AD3d 51, 55—56 [1st Dept 2010]). With respect to substantial assistance, the allegations in the amended complaint that defendant provided several ratings in assistance of the perpetuation of the underlying fraud that it knew were false and unwarranted, satisfy the pleading burden as to this element. Finally, we find that the aiding and abetting claim based on allegations that defendant issued credit ratings it knew were false is not barred by the First Amendment. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021