Corvus Capital Ltd. v Strand Hanson Ltd. (2026 NY Slip Op 00419)

Corvus Capital Ltd. v Strand Hanson Ltd.

2026 NY Slip Op 00419

Decided on January 29, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 29, 2026

Before: Scarpulla, J.P., Kapnick, González, Shulman, O'Neill Levy, JJ. 

Index No. 651020/24|Appeal No. 5699|Case No. 2025-00161|

[*1]Corvus Capital Ltd., Plaintiff-Appellant,
vStrand Hanson Ltd., Defendant-Respondent.

Sullivan & Worcester LLP, New York (Gerry Silver of counsel), for appellant.
Binder & Schwartz LLP, New York (Michelle M. Sloss of counsel), for respondent.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered December 11, 2024, which, to the extent appealed from, granted defendant's motion under CPLR 3211(a)(8) to dismiss the complaint based on lack of personal jurisdiction, unanimously affirmed, with costs.
As an initial matter, the order does not contain a clear reference to the amended complaint. Therefore, "in the interest of judicial economy, we exercise our discretion to institute the amended complaint as the operative pleading and consider defendant's motion to dismiss the amended complaint" (Bankers Conseco Life Ins. Co. v Egan-Jones Ratings Co., 193 AD3d 539, 539-540 [1st Dept 2021]).
This action stems from a dispute between plaintiff Corvus Capital Ltd., an investment firm incorporated in the Cayman Islands, and defendant Strand Hanson Ltd., a company based in the United Kingdom and organized under its laws. Both the complaint and amended complaint allege, in relevant part, that plaintiff's claim for tortious interference with business relations arises from Strand Hanson's interference with a transaction benefitting nonparty Conduit Pharmaceuticals Ltd., a Cayman Islands company and subsidiary of plaintiff. In the underlying transaction, Conduit had engaged Strand Hanson as a financial advisor for a planned merger with Galmed Pharmaceuticals. After the merger deal collapsed, Conduit pursued a similar deal with nonparty Murphy Canyon Acquisition Corp., a Delaware company with its principal place of business in California. Conduit's new deal with Murphy Canyon did not include Strand Hanson.
The amended complaint alleges that Strand Hanson tortiously interfered with plaintiff's business relations or prospective economic advantage when it directed its counsel, allegedly located in New York, to send a letter to Murphy Canyon, informing it of Strand Hanson's intention to commence litigation against Conduit in England. According to plaintiff, this letter caused nonparty Nirland Limited, a different investor based in Guernsey, to require plaintiff to agree to a significant increase in Nirland's guaranteed return on its investment in Murphy Canyon, causing damage to plaintiff of not less than $24 million.[FN1]
Neither the complaint nor the amended complaint alleged a basis for the exercise of jurisdiction under CPLR 302(a)(2). Similar to the original complaint, the amended complaint fails to allege any party's contacts with New York beyond Strand Hanson's engagement of an international law firm with a New York office to act as its agent to send a single letter to Murphy Canyon in San Diego, setting forth Strand Hanson's intent to commence litigation in the UK against Conduit under a financial advisor agreement between it and Conduit. Indeed, the amended complaint's only references to New York relate solely to the letter counsel sent to Murphy Canyon. A prelitigation letter allegedly sent by a law firm in New York on behalf of its overseas client to a company in California, with no other nexus between defendant and New York, does not fulfill CPLR 302(a)(2)'s requirement to plead a tortious act within the state. Therefore, the motion court properly concluded that there was no basis for it to exercise long-arm jurisdiction over nondomiciliary Strand Hanson (see e.g. U.S. Reins. Corp. v Humphreys, 240 AD2d 264, 264 [1st Dept 1997] ["letter sent by plaintiff's counsel to defendant's new employer, informing the latter of the lawsuit between plaintiff and defendant and advising it that plaintiff would hold it responsible for any damages caused by the disclosure or use of plaintiff's alleged proprietary product information, was insufficient to sustain the proposed counterclaim for tortious interference"]; see also America/Intl. 1994 Venture v Mau, 146 AD3d 40, 54 [2d Dept 2016]). Further, the prelitigation letter was not sent to Nirland, with whom plaintiff had the relationship, but rather to Murphy Canyon. Inasmuch as the assertion of long-arm jurisdiction is not appropriate here, we need not reach the alternative determination that the action should be dismissed on forum non conveniens grounds under CPLR 327(a), an inquiry which presumes jurisdiction (see Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 63 [1st Dept 2024]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 29, 2026

Footnotes

Footnote 1: Under a term sheet dated August 21, 2023, plaintiff and Nirland contemplated Nirland's investment of $20 million into Murphy Canyon, a special purpose acquisition company.