■ WARREN HELDMAN, Doing Business as HELDMAN CATERING Co., Respondent, v. CHARLES DOUGLAS et al., Appellants, et al., Defendants.— In an action for an injunction and money damages, defendants Douglas and Stingo appeal from an order of the Supreme Court, Queens County, dated May 27, 1969, which granted plaintiff's motion for a preliminary injunction against them pursuant to CPLR 6301. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. The preliminary injunction was based upon a written distributor's agreement between Heldman Catering Co., Inc. (not a party to the action) and appellants (each as a distributor) which contains a covenant by the latter not to compete for six months with the former within a certain area after the termination of the agreement. In our opinion, the preliminary injunction was improvidently granted. First, article 24 of the agreement provides that, if Heldman Catering Co., Inc., discontinues its business operations, "the Distributor's rights to distribute the * * * [corporation's] products shall immediately cease and be deemed terminated". In support of his motion, plaintiff admitted that Heldman Catering Co., Inc., had discontinued its business, but claimed that he had "treated the distributor's agreements as having been assigned to" him. However, if Heldman Catering Co., Inc., has discontinued its business, the covenant against competition is not enforceable against appellants by the terms of article 24. Hence, plaintiff individually having failed to allege a right to the injunction demanded in the complaint, the issuance of a preliminary injunction was legal error (see *Weisner* v. *791 Park Ave. Corp.*, 6 N Y 2d 426). Second, there is strong doubt in the record concerning the nature of the agreement upon which plaintiff sues. The writing submitted to Special Term, though purportedly signed by one of the appellants and other distributors, is not signed by the other appellant, appears to be a composite of more than one agreement, is dated subsequent to the dates of execution appearing next to the names of its signatories, contains matter allegedly unknown to one of the appellants, and is denied by the other appellant to be a copy of the writing he signed. In the presence of substantial doubt concerning the nature of the agreement upon which plaintiff sues, it was an abuse of discretion to grant the preliminary injunction. Third, plaintiff failed to allege facts showing that appellants are engaged in enjoinable conduct. By means of the distributor's agreement, Heldman Catering Co., Inc., undertook to sell food and beverages to appellants, each of whom that corporation designated its "exclusive retail distributor to the general public of food and beverages along the roads, streets and thoroughfares and at the outlets and

stops in the area comprising the Territory hereinafter referred to and specified in the attached Territory Schedule". From trucks leased from the corporation's affiliate, appellants sold to workers and the general public, in the territories covered by their respective agreements, food and beverages purchased from the corporation. Appellant Douglas' sales were made in an industrial park in Nassau County, while those of appellant Stingo were made at street stops in Astoria, Queens County. Knowledge of the presence of the public on streets and the congregation of workers in industrial areas during coffeebreaks and lunch hours is readily obtainable by those who would sell food and beverages to them. Hence, appellants' use of such knowledge should not have been enjoined (cf. *Town & Country House & Home Serv.* v. *Newbery,* 3 N Y 2d 554). Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.