■ MAL DUNN ASSOCIATES, INC., Appellant, v PAULETTE

KRANJAC, Respondent.—In an action to recover damages for breach of fidelity by an employee, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered October 2, 1987, which, *inter alia,* granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and for summary judgment on the issue of liability on the defendant's first, second, third and fourth counterclaims.

Ordered that the order is affirmed, with costs.

The defendant, Paulette Kranjac, was employed as an account executive by the plaintiff, Mal Dunn Associates, Inc., a mailing list management/brokerage firm. No employment agreement existed between the plaintiff and the defendant. While still in the plaintiff's employ, the defendant inquired of one of the plaintiff's clients whether it would continue to do business with her should she decide to start her own company. Several months later, the defendant resigned her position and did in fact begin a competing business. Upon being informed that the defendant had resigned, the client in question then chose to cancel all its standing orders with the plaintiff. We note that this client had previously conditioned its business dealings with the plaintiff on the basis that the defendant personally supervise its accounts.

We find that the branch of the defendant's motion which was for summary judgment dismissing the complaint which sought damages for breach of fidelity by an employee was properly granted. As noted by the Appellate Division, First Department, in the case of *Scott & Co. v Scott* (186 App Div 518, 524): "[a]s early as 1799 in a case *(Nichol* v. *Martyn,* 2 Esp. 732) in which a traveling salesman on the occasion of his last trip and while still in the plaintiff's employ, informed the customers from whom he had been soliciting orders for the plaintiff that he would shortly go into the same business for himself and that then he would be pleased to accept their orders for himself, the complaint was dismissed, Lord KENYON saying: 'A servant while engaged in the service of his master, has no right to do any act which may injure his trade or undermine his business; but everyone has a right if he can to better his situation in the world; and if he does it by means not contrary to law, though the master may be eventually injured, it is *damnum absque injuria.* There is nothing morally bad, or very improper in a servant, who has it in contemplation at a future period to set up for himself, to endeavor to conciliate the regard of his master's customers and to recommend himself to them so as to procure some business from

them as well as others' ". A review of the record in the instant case reveals that the defendant merely made preliminary inquiries and that she did not breach her duty of fidelity while in the plaintiff's employ *(see, Feiger v Iral Jewelry,* 41 NY2d 928).

We find that the court properly granted that branch of the defendant's motion which was for summary judgment on the issue of liability as to her four counterclaims for moneys owing in light of the plaintiff's admission that the moneys were in fact due the defendant but had been withheld "on the basis of a set-off to our claims and also on the basis of her being a disloyal employee".

Finally, we note that triable issues of fact exist as to the defendant's counterclaim for libel. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.