■ WMW MACHINERY COMPANY, INC., Appellant, v KOERBER AG. et al., Respondents. [658 NYS2d 385] —In an action, inter alia, to recover damages for tortious interference with contractual relations, tortious interference with business relations, misappropriation of trade secrets, and unfair competition, the plaintiff appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated June 28, 1995, as granted the motion of the defendants United Grinding Technologies, Inc., and K.A.K. Holdings Co. for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court, dated December 20, 1995, which, upon reargument of a prior motion of the defendants Koerber AG. and Schleifring Maschinenbau GmbH. for summary judgment, dismissed the complaint insofar as asserted against those defendants.

Ordered that the order dated June 28, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 20, 1995, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff WMW Machinery Company, Inc. (hereinafter WMW), is a corporation engaged in the business of selling and distributing grinding machines and related equipment. In early 1993 it entered into three substantially identical contracts with three grinding machine manufacturers (hereinafter the Manufacturers) which are not parties to this action. WMW was to act as the exclusive distributor for the Manufacturers in the United States and Canada for a period of four years, commencing January 1, 1993, and ending December 31, 1996. In late 1993 the defendant Schleifring Maschinenbau GmbH. (hereinafter Schleifring), a wholly-owned subsidiary of the defendant Koerber AG. (hereinafter Koerber), acquired the Manufacturers. In November 1994, the Manufacturers terminated their contracts with WMW. At that time, WMW had sold no grinders pursuant to the contracts. WMW thereafter commenced this action against Koerber and Schleifring, and two more of Koerber's subsidiaries, United Grinding Technologies, Inc. (hereinafter United), and K.A.K. Holdings Co. (hereinafter KAK). The complaint alleged, *inter alia,* tortious interference with contract, tortious interference with business relations, misappropriation of trade secrets, and unfair competition. In the orders appealed from, the Supreme Court granted the various defendants summary judgment dismissing the complaint. We agree.

WMW claims that various issues of fact preclude granting the defendants summary judgment on WMW's claims of tortious interference with contract and tortious interference with business relations. However, the defendants, as either the parent or a subsidiary of the Manufacturers, have an economic interest in the Manufacturers sufficient to support a defense of economic justification *(see, Foster v Churchill,* 87 NY2d 744; *Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682). "The imposition of liability in spite of a defense of economic interest requires a showing of either malice on the one hand, or fraudulent or illegal means on the other" *(Foster v Churchill, supra,* at 750; *see also, Felsen v Sol Cafe Mfg. Corp., supra; Rapp Boxx v MTV, Inc.,* 226 AD2d 324; *WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257; *Cambridge Assocs. v Inland Vale Farm Co.,* 116 AD2d 684). The defendants' actions, especially in light of WMW's failure to sell a single machine pursuant to the contracts for over 22 months, were clearly economically justified. Accordingly, since WMW failed to raise a triable issue of fact as to whether the defendants were motivated by malice, or employed fraudulent or illegal means to terminate the contracts, the court properly dismissed WMW's claims of tortious interference with contract and tortious interference with business relations.

Pursuant to the three contracts with the Manufacturers, the parties agreed not to disclose each others' "enterprise and business secrets", which were defined as "all information and facts not directly determined for any third party including internal information on sales activities and sales organization". WMW alleged that this provision was breached when, *inter alia,* Dr. Hans-Peter Kilias, a technical advisor provided by Koerber, terminated his employment with WMW and went to work for United, a competitor of WMW, in order to solicit former clients of WMW. However, Dr. Kilias denied that he worked for any of the defendants after leaving WMW and denied that he ever passed on any information to them other than that which he was instructed to do by WMW. In any event, solicitation of an employer's customers by a former employee is not actionable unless the customer list could be considered a trade secret or there was wrongful conduct by the employee, such as physically taking or copying the employer's files or using confidential information *(Amana Express Intl. v Pier-Air Intl.,* 211 AD2d 606; *Cosmos Forms v American Computer Forms,* 193 AD2d 577). Trade secret protection will not attach to customer lists where such customers are readily ascertainable from sources outside the former employee's business unless the employee had stolen or memorized the customer lists *(see, Amana Express Intl. v Pier-Air Intl., supra; see also, Leo Silfen, Inc. v Cream,* 29 NY2d 387; *NCN Co. v Cavanagh,* 215 AD2d 737; *Walter Karl, Inc. v Wood,* 137 AD2d 22). Here, WMW failed to raise a triable issue of fact as to whether its list of customers was confidential and, thus, entitled to trade-secret protection *(see, Amana Express Intl. v Pier-Air Intl., supra; Schriptek Mktg. v Columbus McKinnon Corp.,* 187 AD2d 800). To the contrary, the defendants submitted documentation demonstrating that WMW's customer information was readily discoverable through public sources. Indeed, two customers of WMW allegedly improperly solicited by the defendants (the Timken Company and the Torrington Company) were set forth on a list of ball bearing manufacturers obtained via mail order from an industry magazine. Thus, as WMW failed to raise a triable issue of fact as to whether Dr. Kilias misappropriated the property of WMW or copied or memorized any confidential business information, or that the defendants otherwise misappropriated or exploited any such information, the court properly dismissed WMW's claims of misappropriation of trade secrets and unfair competition *(see, Leo Silfen, Inc. v Cream, supra; cf., Allan Dampf, P. C. v Bloom,* 127 AD2d 719).

We have considered WMW's remaining contentions and find

them to be without merit. O'Brien, J. P., Ritter, Altman and McGinity, JJ., concur.