■ CBS CORPORATION, Doing Business as WESTINGHOUSE ELECTRIC COMPANY, Respondent, v CARL DUMSDAY, Defendant, and MARK J. PROVIANO et al., Appellants. CBS CORPORATION, Doing Business as WESTINGHOUSE ELECTRIC COMPANY, Appellant, v CARL DUMSDAY, Defendant, and MARK J. PROVIANO et al., Respondents. [702 NYS2d 248] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about September 28, 1998, which, to the extent appealed from by defendants, denied their motion to dismiss plaintiff's second cause of action, denied their motion to dismiss for failure to join a necessary party, and denied their motion for summary judgment, and to the extent appealed from by plaintiff, granted defendants' motion and dismissed plaintiff's first and third through sixth causes of action, unanimously modified, on the law, to reinstate the first and third through sixth causes of action, and otherwise affirmed, without costs.

In 1996, the United States Nuclear Regulatory Commission (NRC) requested all nuclear-operated power plants to provide information concerning design and licensing requirements, with the result that many plants had to formulate plans to comply with NRC requirements. Plaintiff successfully bid to perform design and licensing work at the Indian Point 2 nuclear plant owned by Consolidated Edison (Con Edison).

In order to enhance its competitive position with Con Edison, plaintiff offered to provide the services of one of its key employees, defendant Dumsday. Ultimately, in a contract dated May 30, 1997, plaintiff and Con Edison agreed that for a period extending through one year after the contract terminated Con Edison would not, without plaintiff's permission, employ "or otherwise engage" employees of plaintiff who performed services under the agreement. Besides Dumsday, other employees of plaintiff that were involved in the project were defendants Proviano and Van Buren. Each of these defendants, as a condition of their employment, signed agreements prohibiting them from disclosing confidential information relating to plaintiff's business.

In October 1997, plaintiff submitted a proposal to Con Edison to provide a team of its employees that would, among other things, revise design documents and review certain reports for accuracy. The proposal also recited that it contained information that was confidential and proprietary to plaintiff. Dumsday was the primary draftsman of the proposal, Proviano created the commercial strategy, and Van Buren worked up the costs and pricing. After Con Edison requested changes, plaintiff submitted a revised proposal at a reduced price, which also contained the restrictive proprietary language. Plaintiff claims that it was led to believe that it was the only qualified bidder, and that it would be awarded the project after agreement upon price.

Beginning the next month, however, a number of significant events unfolded. Specifically, in the four-month period from November 1997 through February 1998, Van Buren resigned effective December 1, 1997, Van Buren and Proviano incorporated a business named Preferred Licensing Services, Inc. (PLS) on December 23, 1997, Proviano resigned effective December 31, 1997, Con Edison advised plaintiff in January 1998 that it would not be hiring plaintiff and would complete the project itself, and Dumsday resigned effective February 6, 1998. Just three days after the culmination of this string of events, Dumsday, on February 9, 1998, appeared at the Con Edison Indian Point 2 site to perform the same work he had been doing as plaintiff's employee, except that now, he was an employee of PLS, which, as noted, was incorporated by Proviano and Van Buren.

Purportedly, Con Edison hired PLS to provide it with Dumsday's services as Project Manager, along with the services of other former employees of plaintiff. It is asserted by plaintiff that the services being provided by PLS were the same services that plaintiff sought to provide, and that it would have been able to supply if not for the competing offer made by PLS. It is against this factual backdrop that plaintiff commenced this action asserting seven different causes of action. The nature of each cause of action that is in issue on this appeal is detailed below.

At or about the time of commencement of the action, plaintiff moved for injunctive relief. Defendants (except for Dumsday, who settled plaintiff's action against him) cross-moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and pursuant to CPLR 1003 for failure to join a necessary party, namely, Con Edison. Defendants alternatively sought summary judgment on the merits.

Supreme Court dismissed plaintiff's first and third through sixth causes of action. The court also determined that Con Edison was not a necessary party to this action and denied defendants' summary judgment motion.

In evaluating a motion to dismiss pursuant to CPLR 3211 (a) (7), the court is required to accept the allegations of the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88). Viewed against this standard, Supreme Court improperly dismissed plaintiff's first and third through sixth causes of action.

As to the first cause of action, plaintiff alleged that defendants Dumsday, Proviano and Van Buren had breached their employment agreements by disclosing confidential information to PLS, which used such information to divert work from plaintiff to itself. These allegations were certainly sufficient on their face to state a cause of action. This is especially so in light of the rapid-fire resignations by defendants that culminated in defendant Dumsday showing up at the Con Edison facility as a PLS employee just three days after his resignation from plaintiff. While defendants dispute that they used any confidential information to obtain the Con Edison contract for PLS, it cannot be concluded as a matter of law that defendants negated any possibility of a breach. Thus, discovery should be permitted to unravel the circumstances under which Con Edison decided to replace plaintiff with a start-up operation.

Concerning the second cause of action alleging tortious interference with contractual relations (which defendants contend Supreme Court erroneously failed to dismiss), plaintiff asserts that defendants unlawfully used confidential information to interfere with the May 30, 1997 agreement between Con Edison and plaintiff, which, as noted, contained restrictions on Con Edison's right to hire plaintiff's employees. There are also allegations that Dumsday had illegally obtained proprietary information from plaintiff during the month of January, including cost and pricing details and a software package used to store safety analysis data. According plaintiff the benefit of every favorable inference, these allegations were sufficient to support this cause of action (*Foster v Churchill*, 87 NY2d 744, 749-750; *Felsen v Sol Café Mfg. Corp.*, 24 NY2d 682, 687).

Regarding the third cause of action alleging intentional interference with prospective contractual relations, such a claim is actionable "when a contract would have been entered

into had it not been for the conduct of the defendant * * * [and] the means employed to induce a termination of the relationship are dishonest, unfair, or in any other way improper" (*Robbins v Ogden Corp.*, 490 F Supp 801, 811). The Supreme Court found that, since plaintiff could not demonstrate that defendants had improperly used confidential, proprietary information to induce a termination of plaintiff's relationship with Con Edison, the claim could not be sustained. However, as noted with respect to the first cause of action, the succession of events that occurred in this case was too coincidental to permit a finding, as a matter of law, that defendants did not improperly interfere with plaintiff's contractual relations.

Turning to the fourth cause of action, which alleged that defendants breached fiduciary and common-law duties owed to plaintiff, it is axiomatic that an employee is "prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties" (*Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138). Since plaintiff's claim in this case is that defendants, while in its employ, planned, and later formed, a competing corporation that obtained the Con Edison contract using confidential information, it sufficiently stated a cause of action (*cf., Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, *appeal dismissed* 63 NY2d 675).

Regarding the fifth and sixth causes of action, which allege common-law misappropriation and unfair competition, respectively, both of these claims are rooted in the improper use of trade secrets to gain an advantage over plaintiff. Notwithstanding defendants' denials regarding the use of confidential information, it is apparent that the scenario set forth by plaintiff permits an inference that defendants improperly used trade secrets in an effort to supplant plaintiff. Thus, causes of action have been stated.

Addressing that branch of the motion that sought to dismiss the complaint for failure to join a necessary party, defendants failed to demonstrate that Con Edison's joinder is necessary to accord full relief to the parties presently joined, or that Con Edison will be inequitably affected by any judgment that may result in this action (CPLR 1001 [a]). We note in this connection that defendants' reliance upon *Tudor v Riposanu* (93 AD2d 718) and *Matter of McQuay Group, McQuay-Perfex v New York Convention Ctr. Dev. Corp.* (87 AD2d 507), cases which involve rescission and annulment of a contract, is misplaced.

Finally, defendants' motion for summary judgment was

properly denied since, *inter alia*, it is evident that the essential facts necessary for plaintiff to oppose the motion are within the possession of defendants and/or Con Edison (CPLR 3212 [f]). Concur—Sullivan, J. P., Nardelli, Wallach, Saxe and Friedman, JJ.