■ WALLACK FREIGHT LINES, INC., Appellant, v NEXT DAY EXPRESS, INC., et al., Respondents. [711 NYS2d 891] —In an action, *inter alia,* to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Costello, J.), entered December 1, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the plaintiff's cause of action alleging breach of fiduciary duty and substituting therefor a provision denying

that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

It is well settled that an employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties (*see, Lamdin v Broadway Surface Adv. Corp.,* 272 NY 133; *Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81). However, an employee may incorporate a business prior to leaving his employer without breaching any fiduciary duty unless the employee makes improper use of the employer's time, facilities, or proprietary secrets in doing so (*see, Schneider Leasing Plus v Stallone,* 172 AD2d 739, 741). The evidence in the present case raises a triable issue of fact as to whether the defendants Mark J. Lewandowski, Sr., and John Waters were promoting their own business while still in the employ of the plaintiff, and whether in doing so they were using the time or resources of the plaintiff (*see, Schneider Leasing Plus v Stallone, supra; Nassau Soda Fountain Equip. Corp. v Mason,* 118 AD2d 764). Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.