■ STARLIGHT LIMOUSINE SERVICE, INC., et al. Appellants, v LOUIS CUCINELLA et al., Respondents. [713 NYS2d 195] —In an action, inter alia, to recover damages for breach of duty and wrongful interference with business relations, the plaintiffs ap-

peal from an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 13, 1999, which granted the defendants' respective motions for summary judgment dismissing the complaint and denied their cross motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly granted the defendants' respective motions for summary judgment. Solicitation of an entity's customers by a former employee or independent contractor is not actionable unless the customer list could be considered a trade secret, or there was wrongful conduct by the employee or independent contractor, such as physically taking or copying files or using confidential information (*see, WMW Mach. Co. v Koerber AG.,* 240 AD2d 400; *Amana Express Intl. v Pier-Air Intl.,* 211 AD2d 606; *Heldman v Douglas,* 33 AD2d 695). The defendants engaged in no wrongful conduct and the plaintiffs did not establish that their customer list constitutes a confidential trade secret.

"[A] trade secret must first of all be secret" (*Ashland Mgt. v Janien,* 82 NY2d 395, 407). The record demonstrates that the plaintiffs failed to take any measures to require the defendants to guard the secrecy of the customer list during the defendants' service with the plaintiffs, or to prevent the defendants from using the information contained in the customer list once they left the plaintiffs' service (*see, Delta Filter Corp. v Morin,* 108 AD2d 991; *Wiener v Lazard Freres & Co.,* 241 AD2d 114). Further, notwithstanding the plaintiffs' expenditures of time and money in compiling the customer list, this type of information can be acquired with no extraordinary effort from nonconfidential sources and therefore is not entitled to trade secret protection (*see, Leo Silfen, Inc. v Cream,* 29 NY2d 387; *WMW Mach. Co. v Koerber AG., supra; American Executive Limousine Serv. v Nudo,* 122 AD2d 755). S. Miller, J. P., Altman, H. Miller and Schmidt, JJ., concur.