■ BEVERAGE MARKETING USA, INC., Appellant, et al., Plaintiff, v SOUTH BEACH BEVERAGE COMPANY, INC., Respondents. [873 NYS2d 84]—

In an action, inter alia, to recover damages for misappropriation of trade secrets and breach of fiduciary duty, the plaintiff Beverage Marketing USA, Inc., appeals from an order of the Supreme Court, Nassau County (Austin, J.), entered October 22, 2007, which granted the defendants' motion for leave to reargue and, upon reargument, in effect, vacated so much of a prior order dated April 11, 2007, as denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging misappropriation of trade secrets and breach of fiduciary duty, and thereupon granted those branches of the defendants' motion.

Ordered that the order entered October 22, 2007 is affirmed, with costs.

A motion for leave to reargue is addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law, or for some reason mistakenly arrived at its earlier decision (*see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]; *Carrillo v PM Realty Group*, 16 AD3d 611 [2005]; *Viola v City of New York*, 13 AD3d 439, 440 [2004]). Contrary to the contention of the plaintiff Beverage Marketing USA, Inc. (hereinafter Beverage), the Supreme Court providently exercised its discretion in granting leave to reargue.

The defendants established their prima facie entitlement to

judgment as a matter of law dismissing Beverage's cause of action alleging misappropriation of pricing and cost information, distribution plans and strategies, and business plan. The defendants demonstrated that this information was available in the marketplace and, in any event, with respect to pricing and cost information and distribution plans and strategies, that they did not make use of it (*see Cosmos Forms v American Computer Forms*, 193 AD2d ·577, 579 [1993]; *see generally Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]). In opposition, Beverage failed to raise a triable issue of fact.

The defendants also established their prima facie entitlement to judgment as a matter of law on Beverage's cause of action alleging breach of fiduciary duty (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the deposition testimony Beverage proffered was too vague and equivocal to raise an issue of fact as to whether the defendant John Bello began to secretly incorporate the defendant South Beach Beverage Company, Inc., while still in Beverage's employ (*see Seabury v County of Dutchess*, 38 AD3d 752, 753 [2007]; *Bachurski v Polish & Slavic Fed. Credit Union*, 33 AD3d 739, 740 [2006]). Moreover, that testimony was insufficient to demonstrate that Bello used Beverage's time, facilities, or proprietary secrets to secretly incorporate (*see Wallack Frgt. Lines v Next Day Express*, 273 AD2d 462, 463 [2000]; *CBS Corp. v Dumsday*, 268 AD2d 350, 353 [2000]; *Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d 788, 790 [1999]). Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur. [*See* 2007 NY Slip Op 33444(U).]