■ 30 FPS Productions, Inc., Respondent, v Joseph G. Livolsi, Appellant. [891 NYS2d 162]—

From 1995 until September 2006 the defendant was employed by the plaintiff, a film and video production company, as a direc-

tor of photography. In early 2006, while still employed by the plaintiff, the defendant incorporated his own "lighting and grip" company. The defendant also incorporated a separate company, through which he billed other companies for his work as a director of photography. Neither company earned income while the defendant was still employed by the plaintiff. On September 8, 2006 the defendant resigned from the plaintiff's employ. Subsequently, the plaintiff commenced this action against the defendant, asserting causes of action to recover damages for breach of fiduciary duty—specifically the duty of loyalty and fidelity—and for conversion. The plaintiff moved, inter alia, to strike the answer and for summary judgment on the issue of liability. The Supreme Court granted the motion. We reverse.

"It is well settled that an employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties" (*Wallack Frgt. Lines v Next Day Express*, 273 AD2d 462, 463 [2000]; *see Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133 [1936]; *CBS Corp. v Dumsday*, 268 AD2d 350, 353 [2000]; *American Map Corp. v Stone*, 264 AD2d 492, 492-493 [1999]; *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 88 [1984]). "However, an employee may incorporate a business prior to leaving his employer without breaching any fiduciary duty unless the employee makes improper use of the employer's time, facilities, or proprietary secrets in doing so" (*Wallack Frgt. Lines v Next Day Express*, 273 AD2d at 463; *see CBS Corp. v Dumsday*, 268 AD2d at 353; *Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d 788, 790 [1999]; *Schneider Leasing Plus v Stallone*, 172 AD2d 739 [1991]; *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d at 88).

Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the cause of action to recover damages for breach of the duty of loyalty and fidelity by presenting evidence that the defendant, its former employee, utilized the plaintiff's time and facilities to organize competing businesses while still in its employ. The plaintiff also presented evidence that the defendant, by soliciting a job from one of its prospective clients while he was still employed by it, and later performing the job after his resignation, "secretly pursued and profited from [an] opportunit[y] properly belonging to his employer" (*Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d at 88). However, in opposition, the defendant raised triable issues of fact as to whether or not he made improper use of the plaintiff's time, facilities, or proprietary secrets (*cf. Wallack Frgt. Lines v Next Day Express*, 273 AD2d at 463).

The plaintiff further demonstrated its prima facie entitlement

to judgment as a matter of law on the cause of action to recover damages for conversion by presenting evidence that the defendant converted certain of its personal property designated as the "2002 demo reel." In opposition, the defendant also raised a triable issue of fact as to whether or not his possession and use of the 2002 demo reel was a misappropriation of the plaintiff's material (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Finally, the Supreme Court erred in granting that branch of the plaintiff's motion which was to strike the answer, as the plaintiff failed to establish that such relief was warranted. Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.