ISLAND SPORTS PHYSICAL THERAPY, Appellant, v WILLIAM BURNS et al., Respondents. [923 NYS2d 156]—

In an action, inter alia, to recover damages for fraud and breach of the duty of loyalty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 20, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

" '[A]n employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties' " (*30 FPS Prods., Inc. v Livolsi*, 68 AD3d 1101, 1102 [2009], quoting *Wallack Frgt. Lines v Next Day Express*, 273 AD2d 462, 463 [2000]; *see Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133 [1936]; *CBS Corp. v Dumsday*, 268 AD2d 350, 353 [2000]). "An employee may create a competing business prior to leaving [her or] his employer without breaching any fiduciary duty unless [she or] he makes improper use of the employer's time, facilities or proprietary secrets in doing so" (*Schneider Leasing Plus v Stallone*, 172 AD2d 739, 741 [1991]; *see 30 FPS Prods., Inc. v Livolsi*, 68 AD3d at 1102; *Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 58 AD3d 657, 658 [2009]; *Wallack Frgt. Lines v Next Day Express*, 273 AD2d at 463; *CBS Corp. v Dumsday*, 268 AD2d at 353). In general, an employee may solicit an employer's customers only when the employment relationship has been terminated (*see A & L Scientific Corp. v Latmore*, 265 AD2d 355, 356 [1999]; *Catalogue Serv. of Westchester v Wise*, 63 AD2d 895 [1978]).

Further, "[s]olicitation of an entity's customers by a former employee or independent contractor is not actionable unless the customer list could be considered a trade secret, or there was wrongful conduct by the employee or independent contractor, such as physically taking or copying files or using confidential information" (*Starlight Limousine Serv. v Cucinella*, 275 AD2d 704, 705 [2000]; *see Walter Karl, Inc. v Wood*, 137 AD2d 22, 27 [1988]; *see also Leo Silfen, Inc. v Cream*, 29 NY2d 387, 391-392 [1972]). "The use of information about an employer's customers which is based on casual memory is not actionable" (*Levine v Bochner*, 132 AD2d 532, 533 [1987]; *see Anchor Alloys v Non-*

*Ferrous Processing Corp.*, 39 AD2d 504, 507 [1972]; *see also Leo Silfen, Inc. v Cream*, 29 NY2d 387 [1972]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law on the cause of action alleging breach of the duty of loyalty by demonstrating that the defendant William Burns did not, while in the employ of the plaintiff, Island Sports Physical Therapy (hereinafter ISPT), use ISPT's time or facilities to form a competing entity, the defendant Village Physical Therapy, P.C. (hereinafter VPT) (*see Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 58 AD3d at 658), or solicit ISPT's patients to patronize that competing entity (*see Mal Dunn Assoc. v Kranjac*, 145 AD2d 472 [1988]). Moreover, the defendants established, prima facie, that ISPT's patient lists did not constitute trade secrets (*see Starlight Limousine Serv. v Cucinella*, 275 AD2d at 705; *see generally Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]). In opposition, the plaintiff failed to raise a triable issue of fact, including as to whether the defendants or someone acting on their behalf engaged in wrongful conduct (*see Starlight Limousine Serv. v Cucinella*, 275 AD2d at 705).

Additionally, in response to the defendants' prima facie showing of entitlement to judgment as a matter of law on the cause of action alleging fraud, ISPT failed to raise a triable issue of fact (*see generally Barclay Arms v Barclay Arms Assoc.*, 74 NY2d 644, 647 [1989]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 406-407 [1958]).

ISPT's remaining contention is without merit (*see* CPLR 3212 [f]; *Sasson v Setina Mfg. Co., Inc.*, 26 AD3d 487, 488 [2006]; *Cruz v Otis El. Co.*, 238 AD2d 540 [1997]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.