■ DANIELLA CERCIELLO, Appellant, v ADMIRAL INSURANCE BROKERAGE CORP. et al., Respondents. [936 NYS2d 224]—

On a motion to dismiss a complaint or counterclaim pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685, 686 [2008]). Thus, a motion to dismiss pur-

suant to CPLR 3211 (a) (7) will not succeed if, taking all facts alleged as true and according them every possible inference favorable to the nonmoving party, the complaint or counter-claims state in some recognizable form any cause of action known to our law (*see Leon v Martinez*, 84 NY2d at 87-88; *Fisher v DiPietro*, 54 AD3d 892, 894 [2008]; *Clement v Delaney Realty Corp.*, 45 AD3d 519, 521 [2007]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]).

Since New York does not recognize an independent cause of action for the imposition of sanctions under either CPLR 8303-a or Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (*see Schwartz v Sayah*, 72 AD3d 790, 792 [2010]; *Greco v Christoffersen*, 70 AD3d 769, 770-771 [2010]; *Yankee Trails v Jardine Ins. Brokers*, 145 Misc 2d 282, 283 [1989]), the Supreme Court should have granted that branch of the plaintiff's motion which was to dismiss the defendants' counterclaim seeking the imposition of sanctions.

The second counterclaim also was subject to dismissal. Insofar as it may be read as alleging fraud, "[w]here a cause of action or defense is based upon . . . fraud . . . the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]; *see Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.*, 28 AD3d 595 [2006]). Here, the defendants did not allege any mis-representation. In any event, a cause of action alleging fraud does not arise merely because a party did not perform contrac-tual duties (*see Rocchio v Biondi*, 40 AD3d 615, 617 [2007]; *Sforza v Health Ins. Plan of Greater N.Y.*, 210 AD2d 214 [1994]; *Ullmann v Norma Kamali, Inc.*, 207 AD2d 691, 693 [1994]). The defendants' second counterclaim also fails insofar as it may be read as seeking damages for breach of fiduciary duty. Certainly, employees owe a duty of loyalty and good faith to their employer in the performance of their duties (*see Island Sports Physical Therapy v Burns*, 84 AD3d 878 [2011]; *30 FPS Prods., Inc. v Livolsi*, 68 AD3d 1101, 1102 [2009]; *Whalen v Contracting Plumbers Coop. Restoration Corp.*, 104 AD2d 879 [1984]). However, the mere failure of an employee to perform assigned tasks does not give rise to a cause of action alleging breach of that duty. Rather, the employee's misuse of the employer's resources to compete with the employer is generally required (*see Island Sports Physical Therapy v Burns*, 84 AD3d at 878; *cf. Bon Temps Agency v Greenfield*, 184 AD2d 280 [1992]). Here, the defendants acknowledge that the plaintiff did not compete with their business. Finally, insofar as the counterclaim may be read as alleging a breach of an implied

contract, it fails as well. "In the absence of a special agreement, an employer may not recover back wages or equivalent drawings paid during a period of completed employment" (*Kleinfeld v Roburn Agencies, Inc.*, 270 App Div 509, 511 [1946]; *cf. Nationwide Mut. Ins. Co. v Timon*, 9 AD2d 1018 [1959]; *Pease Piano Co. v Taylor*, 197 App Div 468 [1921], *affd* 232 NY 504 [1921]). Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim for failure to state a cause of action.

The plaintiff's remaining contention is not properly before this Court, as it is raised for the first time on appeal. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.