ZYLON CORP. et al., Respondents, v MEDTRONIC, INC., et al., Appellants. [26 NYS3d 279]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 20, 2014, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing the misappropriation of trade secrets and unfair competition claims, unanimously affirmed, without costs.

In 2005, the parties entered into an evaluation agreement, pursuant to which defendant Medtronic Vascular, Inc. (together with the other defendants, Medtronic) agreed to fund plaintiff Zylon Corp. to render services in attempting to create a "zero-fold" balloon, a component of a balloon angioplasty catheter, meeting Medtronic's specifications. "Information generated pursuant to the Project" was to be deemed "Confidential Information" owned by Medtronic.

Zylon and its president, Alan Zamore, allege that Medtronic, inter alia, misappropriated trade secrets and confidential information relating to a process for producing zero-fold balloons and improperly used these trade secrets to create the balloon component of a product known as the Sprinter® Legend Semicompliant Rapid Exchange Balloon Catheter (see Integrated Cash Mgt. Servs., Inc. v Digital Transactions, Inc., 920 F2d 171, 173 [2d Cir 1990] [elements of misappropriation claim]).

Medtronic failed to establish, as a matter of law, that the alleged trade secret process was "generated pursuant to the Project," foreclosing the misappropriation claim. Plaintiffs raised a triable issue of fact as to the existence of a protectable trade secret via, inter alia, their pre-agreement provision of machine settings for making zero-fold balloons and defendants' internal references to "Zylon technology" and the "Zylon process," which defendants attempted to replicate. The fact that plaintiffs were required to issue a final report summarizing the accumulated data does not, in and of itself, mean that the machine settings used to create the zero-fold balloons were also to be provided and considered part of Medtronic's Confidential Information.

Plaintiffs also raised a triable issue of fact as to whether the

alleged trade secret process was provided to Medtronic under a duty of confidence with evidence of, inter alia, Zamore's expressed concern over the confidentiality of the alleged trade secret process and defendants' assurances that it was protected and would not be stolen (*see Wiener v Lazard Freres & Co.*, 241 AD2d 114, 122 [1st Dept 1998]; *see also* Restatement [First] of Torts § 757, Comment *b*).

The unfair competition claim is not duplicative of the misappropriation of trade secrets claim (*see e.g. Front, Inc. v Khalil*, 103 AD3d 481, 483 [1st Dept 2013], *affd* 24 NY3d 713 [2015]; *CBS Corp. v Dumsday*, 268 AD2d 350, 353 [1st Dept 2000]).

We have considered and rejected defendants' remaining arguments. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.