■ Philip Baldeo, M.D., et al., Respondents, v Muntaz Majeed, M.D., et al., Appellants. [55 NYS3d 340]—

Appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.) entered April 7, 2015. The order, insofar as appealed from, upon reargument, vacated a prior order of that court dated February 6, 2015, and, thereupon, denied the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order dated February 6, 2015, granting the defendants' motion for summary judgment dismissing the complaint is adhered to.

The plaintiffs, Philip Baldeo and 125 Liberty Medical, PLLC (hereinafter together Liberty Medical), commenced this action against Dr. Muntaz Majeed, formerly the majority member of Liberty Medical, Bebe Majeed, who is Dr. Majeed's wife, and several former employees of Liberty Medical: Milind Patel, Ankur Patel, and Davindranauth Sookai. The complaint alleges that after Dr. Majeed ceased practicing medicine at Liberty Medical in the summer of 2011, Dr. Majeed and the other defendants engaged in unfair competition with Liberty Medical. The plaintiffs allege that the defendants improperly misappropriated confidential information and "trade secrets" of Liberty Medical by means including computer "hacking" in order to induce Liberty Medical patients to seek treatment from Dr. Majeed at his new medical office. In the first eight causes of action, the plaintiffs seek relief based on theories of misappropriation of confidential information and trade secrets, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unfair competition, theft of trade secrets, unlawful use of proprietary and confidential information, and tortious interference with business relations. In the ninth and tenth causes of action, which are asserted solely against Sookai, the plaintiffs seek damages for conversion and equitable relief under an unjust enrichment theory.

In 2014, the defendants moved for summary judgment dismissing the complaint. In an order dated February 6, 2015, the Supreme Court granted the motion on the ground that another similar action was then pending. The plaintiffs moved for leave to reargue, correctly asserting that the prior action had been dismissed prior to the defendants' motion for summary judgment in this action. The Supreme Court granted leave to reargue and, upon reargument, vacated the order dated February 6, 2015, addressed the merits of the defendants' motion for summary judgment, and denied that motion. The defendants appeal.

The Supreme Court erred in denying the defendants' motion for summary judgment. Contrary to the plaintiffs' contention, the court was not bound to deny the motion based on an order issued in the prior action, as that action involved issues not raised in this action (*see Pepenella v Brumar Day Spa Corp.*, 143 AD3d 876, 877 [2016]; *Donahue v Nassau County Healthcare Corp.*, 15 AD3d 332, 333 [2005]).

The complaint must be dismissed as against Ankur Patel, as the record does not contain evidence giving rise to a presumption of proper service of process upon that defendant (*see* CPLR 308 [2]; *Monzon v Chiaramonte*, 140 AD3d 1126 [2016]; *Samuel v Brooklyn Hosp. Ctr.*, 88 AD3d 979 [2011]).

To establish a cause of action for relief based on unfair competition, a plaintiff must demonstrate that the defendant wrongfully diverted the plaintiff's business to itself (*see Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC*, 74 AD3d 1166 [2010]; *see also Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 478 [2009]). To establish a cause of action based on misappropriation of confidential information, the plaintiff must show that the defendant solicited the plaintiff's customers where the customer list was a trade secret, or where the defendant engaged in wrongful conduct, "such as physically taking or copying files or using confidential information" (*Starlight Limousine Serv. v Cucinella*, 275 AD2d 704, 705 [2000]; *see Island Sports Physical Therapy v Burns*, 84 AD3d 878, 879 [2011]).

The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action based on alleged unfair competition and misappropriation of confidential information and trade secrets asserted against Dr. Majeed, Bebe Majeed, Milind Patel, and Sookai (hereinafter collectively the Majeed defendants). In their affidavits submitted in support of their motion, Dr. Majeed, on behalf of himself and Bebe Majeed, and Milind Patel averred that they never engaged in wrongful diversion or business, used "trade secrets," or misappropriated confidential information. In particular, Dr. Majeed asserted that any of the patients who "followed" him to his new office were patients that he had previously treated at Liberty Medical, and any records of those patients were obtained from the patients themselves. Milind Patel averred that he did not take any patient contact lists or other confidential information, trade secrets, or medical files from Liberty Medical, nor did he ever engage in computer "hacking" or contact Liberty Medical patients after leaving his employment there. Sookai averred that he had continued to work for the

plaintiff Baldeo through early 2013, and that he had never worked with Dr. Majeed or induced clients to "follow" Dr. Majeed to his new office. In opposition, the plaintiffs submitted no evidence raising a triable issue of fact as to whether these defendants, or Bebe Majeed, wrongfully misappropriated confidential information or trade secrets, or wrongfully diverted business to themselves. Therefore, the defendants were entitled to summary judgment dismissing the causes of action based on unfair competition and misappropriation of confidential information and trade secrets asserted against the Majeed defendants (see *Zinter Handling, Inc. v General Elec. Co.*, 101 AD3d 1333, 1337-1338 [2012]; *Commander Terms. Holdings, LLC v Poznanski*, 84 AD3d 1005, 1009-1010 [2011]; *Waste Servs. v Jamaica Ash & Rubbish Removal Co.*, 262 AD2d 401, 402 [1999]).

The defendants were also entitled to summary judgment dismissing the cause of action alleging tortious interference with prospective business relations against the Majeed defendants. To establish entitlement to relief on this theory, a plaintiff must show that the defendant used wrongful and tortious means to interfere with the prospective business, based solely on malicious grounds (see *Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc.*, 131 AD3d 583, 585 [2015]; *Caprer v Nussbaum*, 36 AD3d 176, 204 [2006]). In their motion papers, the defendants showed, prima facie, that the Majeed defendants did not misappropriate any confidential information or improperly "solicit" patients. In opposition, the plaintiffs did not raise a triable issue of fact as to any such conduct, nor as to whether the conduct was malicious. Therefore, the defendants were entitled to judgment as a matter of law dismissing this cause of action against the Majeed defendants (see *MVB Collision, Inc. v Progressive Ins. Co.*, 129 AD3d 1040, 1040-1041 [2015]).

The defendants were entitled to summary judgment dismissing the causes of action alleging breach of fiduciary duty and aiding and abetting a breach of fiduciary duty against the Majeed defendants. The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct (see *Deblinger v Sani-Pine Prods. Co., Inc.*, 107 AD3d 659, 660 [2013]; *Rut v Young Adult Inst., Inc.*, 74 AD3d 776, 777 [2010]). "A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the

breach, and (3) that plaintiff suffered damage as a result of the breach" (*Kaufman v Cohen*, 307 AD2d 113, 125 [2003]; *see Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 893-894 [2015]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23 [2008]). Based on the affidavits submitted by Dr. Majeed and Milind Patel, in which they averred that they appropriated no confidential information from Liberty Medical, the defendants showed, prima facie, that no breach of fiduciary duty occurred. In opposition to that showing, the plaintiffs failed to raise a triable issue of fact as to a breach of fiduciary duty (*see North Fork Preserve, Inc. v Kaplan*, 68 AD3d 732, 733 [2009]; *Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 58 AD3d 657 [2009]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action asserted against Sookai which seek damages for conversion and equitable relief under an unjust enrichment theory. Sookai averred in an affidavit that he never engaged in any unauthorized withdrawals or disbursements of funds from any Liberty Medical bank accounts. The purported financial reports submitted by the plaintiffs failed to raise a triable issue of fact with respect to conversion, as the documents do not indicate to whom disbursements were made, or for what purposes; thus, the documents do not raise a triable issue of fact as to whether any such disbursements were unauthorized. Under these circumstances, Sookai was entitled to summary judgment dismissing the conversion and unjust enrichment causes of action asserted against him (*see Nissan Motor Acceptance Corp. v Scialpi*, 94 AD3d 1067 [2012]; *Goldfine v Sichenzia*, 73 AD3d 854, 854-855 [2010]). Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.