AA Med., P.C. v Keane (2024 NY Slip Op 51178(U))

[*1]

AA Med., P.C. v Keane

2024 NY Slip Op 51178(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-142 S C

AA Medical, P.C., Doing Business as Complete Orthopedics, Appellant, 
against
Rebecca Keane, Respondent. 

Milman Labuda Law Group, PLLC (Emmanuel Kataev of counsel), for appellant.
Lewis & Lin, LLC (Michael D. Cilento of counsel), for respondent.

Appeal from an order of the Suffolk County Court (David A. Morris, J.) dated October 24, 2022. The order, insofar as appealed from as limited by the brief, granted the branches of defendant's motion seeking to dismiss the first, second, third, and fifth causes of action and to recover attorney's fees, and denied plaintiff's cross-motion for leave to amend the complaint.

ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking to dismiss the fifth cause of action and to recover attorney's fees are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this action by summons and verified complaint dated January 19, 2022, alleging "business disparagement" as the first cause of action, "faithless servant doctrine" as the second cause of action, "theft of personal property" as the third cause of action, "fraudulent unemployment insurance claim" as the fourth cause of action, and "breach of loan agreement" as the fifth cause of action. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) or 3211 (g) and to recover attorney's fees pursuant to Civil Rights Law § 70-a (1) (a). Plaintiff opposed and cross-moved to amend the complaint by adding allegations to the first [*2]cause of action. By order dated October 24, 2022, the County Court granted defendant's motion and denied plaintiff's cross-motion. On appeal, plaintiff's brief does not challenge the dismissal of the fourth cause of action.
Initially, we hold that this action is not a strategic lawsuit against public participation (SLAPP). Defendant's alleged statements, concerning the conduct of plaintiff's president and principal physician, were "directed only to a limited, private audience" (Huggins v Moore, 94 NY2d 296, 303 [1999]) and, thus, their content was not within the sphere of public interest (see Miller v Appadurai, 214 AD3d 455, 456 [2023]; Tsamasiros v Jones, 78 Misc 3d 1225[A], 2023 NY Slip Op 50349[U], *4-5 [Sup Ct, Richmond County 2023]; see also Civil Rights Law § 76-a [1] [a], [d]; Huggins v Moore, 94 NY2d at 302). Consequently, the branch of defendant's motion seeking to recover attorney's fees pursuant to Civil Rights Law § 70-a (1) (a) should have been denied.
On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), a court must "accept the facts as alleged in [a] complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017]). "[A]ny deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]; see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]).
The first cause of action, which alleges harm to plaintiff's "reputation and integrity," sounds in defamation (see Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670-671 [1981]; Drug Research Corp. v Curtis Publ. Co., 7 NY2d 435, 440 [1960]; Cambridge Assoc. v Inland Vale Farm Co., 116 AD2d 684, 685 [1986]; 44 NY Jur 2d, Defamation and Privacy § 281). "The elements of a cause of action for defamation are a 'false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (Salvatore v Kumar, 45 AD3d 560, 563 [2007], quoting Dillon v City of New York, 261 AD2d 34, 38 [1999]). "The complaint must set forth the particular words allegedly constituting defamation (see CPLR 3016 [a]), and it must also allege the time, place, and manner of the false statement and specify to whom it was made" (Tsatskin v Kordonsky, 189 AD3d 1296, 1299 [2020]; see Dillon v City of New York, 261 AD2d at 38). Here, the complaint fails to specify the particular words allegedly constituting defamation, the time, place, or manner of the statements, or to whom the statements were made. Thus, the County Court correctly dismissed the first cause of action (see Cohen v Cohen, 210 AD3d 633, 634-635 [2022]; Tsatskin v Kordonsky, 189 AD3d at 1299; Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1034-1035 [2020]; Arvanitakis v Lester, 145 AD3d 650, 652 [2016]; Horbul v Mercury Ins. Group, 64 AD3d 682, 683 [2009]).
Under the faithless servant doctrine, " '[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [*3][or her] compensation, whether commissions or salary' " (Parker Waichman, LLP v Mauro, 215 AD3d 869, 871-872 [2023], quoting Feiger v Iral Jewelry, 41 NY2d 928, 928 [1977]). "[F]orfeiture [of compensation under the faithless servant doctrine] arises upon 'misconduct and disloyalty which substantially affect the contract of employment' (Sundland v Korfund Co., Inc., 260 App Div 80, 81-82 [1940]) and is required only upon a 'persistent pattern of disloyalty' (Bon Temps Agency v Greenfield, 212 AD2d 427, 428 [1995]; see Schwartz v Leonard, 138 AD2d 692, 693 [1988])" (G.K. Alan Assoc., Inc. v Lazzari, 44 AD3d 95, 104 [2007], affd 10 NY3d 941 [2008]). "[T]he mere failure of an employee to perform assigned tasks does not give rise to a cause of action alleging breach of [the employee's duty of loyalty and good faith to the employer]. Rather, the employee's misuse of the employer's resources to compete with the employer is generally required" (Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d 967, 968 [2011]; see Island Sports Physical Therapy v Burns, 84 AD3d 878, 879 [2011]). Here, the complaint does not allege the type of misconduct necessary to invoke the faithless servant doctrine and, therefore, the County Court correctly dismissed the second cause of action (see Bluebanana Group v Sargent, 176 AD3d 408, 409 [2019]; Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d at 968).
"Conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777 [2017] [internal brackets and quotation marks omitted]). "A cause of action alleging conversion should be dismissed when the plaintiff does not allege 'legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights' " (CSI Group, LLP v Harper, 153 AD3d 1314, 1320 [2017], quoting Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 592 [2007]). Here, the complaint fails to allege a specifically identifiable sum of money converted by defendant and, thus, the County Court correctly dismissed the third cause of action (see Abraham v Torati, 219 AD3d 1275, 1282 [2023]; Scifo v Taibi, 198 AD3d 704, 706 [2021]; Barker v Amorini, 121 AD3d 823, 825 [2014]; 9310 Third Ave. Assoc. v Schaffer Food Serv. Co., 210 AD2d 207, 208 [1994]; cf. Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d at 777-778).
"To successfully plead a cause of action for breach of contract, the complaint must allege the existence of a contract, the plaintiff's performance under the contract, the defendant's failure to perform under the contract, and resulting damages" (Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d 731, 732-733 [2020]). Here, the complaint, as amplified by the material that plaintiff submitted in opposition to defendant's motion (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d at 591), adequately alleges the existence of an oral loan agreement, performance by plaintiff through the issuance of checks to defendant, defendant's failure to repay the loan, and resulting damages (see Lewis & Murphy Realty, Inc. v Colletti, 187 AD3d at 733; A. Servidone, Inc./B. Anthony Constr. Corp., J.V. v State of New York, 168 AD3d 648, 650 [2019]; McKesson Med.-Surgical Minn. Supply, Inc. v Caremed Supplies, Inc., 164 AD3d 1441, 1442-1443 [2018]; Hampshire Props. v BTA Bldg. & Developing, Inc., 122 AD3d 573, 573 [2014]; Chun v Sook-Cha Kim, 52 Misc 3d 126[A], 2016 NY Slip Op 50903[U], *1 [App Term, 1st Dept 2016]). Consequently, the County Court should not have dismissed the fifth cause of [*4]action.
" 'Applications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit' " (Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp., 164 AD3d 461, 462 [2018], quoting Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836 [2014]). " 'A determination whether to grant such leave is within the [trial court's] broad discretion, and the exercise of that discretion will not be lightly disturbed' " (Beharrie v MRAG Dev., LLC, 210 AD3d 945, 946 [2022], quoting Krigsman v Cyngiel, 130 AD3d 786, 786 [2015]). Here, the proposed amendments concern only the first cause of action and do not provide any more information than the original complaint with respect to the particular words allegedly constituting defamation or the time, place, and manner of the alleged statements. Thus, the proposed amendments are palpably insufficient, and the County Court did not improvidently exercise its discretion in denying plaintiff's cross-motion for leave to amend the complaint (see Beharrie v MRAG Dev., LLC, 210 AD3d at 946; HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 782-783 [2022]; Melis v Van Wickler, 185 AD3d 917, 918-919 [2020]; Apple A.C. & Appliance Serv., Inc. v Apple Home Heating Corp., 164 AD3d at 463; Nachbar v Cornwall Yacht Club, 160 AD3d 972, 974 [2018]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking to dismiss the fifth cause of action and to recover attorney's fees are denied.
DRISCOLL, J.P., McCORMACK and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024